**Mark S. STUHLREYER,**
**Plaintiff–Appellant,**

v.

**ARMCO, INC., Defendant–Appellee.**

**No. 92–4187.**

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 13, 1993.

Decided Dec. 16, 1993.

J. Michael Fischer, Cincinnati, OH (argued and briefed), for plaintiff-appellant.

David C. Horn (argued and briefed), Frost & Jacobs, Cincinnati, OH, for defendant-appellee.

Before: BOGGS and SUHRHEINRICH, Circuit Judges; and DeMASCIO, Senior District Judge.*

SUHRHEINRICH, Circuit Judge.

Plaintiff Mark S. Stuhlreyer appeals the district court's grant of summary judgment to his former employer, defendant Armco, Inc., in this action brought under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1132(a)(1)(A) and (a)(3). We **AFFIRM.**

### I.

Stuhlreyer worked for Armco in its Construction Products Division (CPD) from 1978 until his resignation in 1985. Stuhlreyer alleges that he was forced to resign after Elton Turnipseed, the president of CPD, falsely accused him of engaging in improper conduct concerning a proposed management team buy-out of CPD. Plaintiff maintains that after he refused to resign, Turnipseed threatened that if Stuhlreyer forced Turnipseed to terminate him so as to qualify him for severance pay, Turnipseed would make it difficult for plaintiff to get future employment. It is undisputed that Stuhlreyer did not file a written request for severance pay to Armco; he, however, claims that he did so orally.

Armco brought suit in Ohio state court on September 19, 1986, against Stuhlreyer to recover relocation expenses which Armco had advanced to him and which had not been repaid. Stuhlreyer answered and filed counterclaims for breach of contract, defamation, breach of obligation of good faith and fair dealing, as well as a claim for severance pay.

Armco obtained a judgment in its favor on its claim for relocation expenses and also on the merits of plaintiff's counterclaims. As to Stuhlreyer's claim for severance benefits, the state trial court found that:

[Stuhlreyer's] claim for severance pay is similarly without merit as a matter of law. Under the explicit language of [Armco's] Discretionary Payments Policy the awarding *vel non* of severance benefits to [Stuhlreyer] was a matter for [Armco's] discretion. The evidence before the court fails to show any abuse of that discretion.

The Ohio Court of Appeals affirmed. The appellate court likewise denied Stuhlreyer's motion for reconsideration; and the Ohio Supreme Court denied his request for review.

Stuhlreyer filed the present suit in federal court on September 6, 1991. He asserted two causes of action. In the first, brought pursuant to 29 U.S.C. § 1132(a)(3), Stuhlreyer claims that Armco's failure to give him written notice of the decision to deny severance benefits and an opportunity to appeal that denial was arbitrary and capricious, and in violation of 29 U.S.C. § 1133. (Complaint, First Cause of Action, ¶¶ 9–14). Based upon these allegations, Stuhlreyer seeks equitable relief in the form of an order that defendant "comply in all respects with ERISA in connection with Plaintiff's rights and entitlements under ERISA and under Defendant's employee welfare benefit plan." (Complaint, Prayer for Relief, ¶ 4). Plaintiff also requested the court to direct Armco to pay "the maximum severance benefits to which he would have been entitled under Defendant's employee welfare benefit plan if Defendant had not acted arbitrarily and capriciously in denying Plaintiff said severance benefits." (Complaint, Prayer for Relief, ¶ 6). Plaintiff's second cause of action, brought under 29 U.S.C. § 1132(a)(1)(A), alleges that Armco's failure to provide him with the information required by § 1133(1) violated § 1132(c)(1)(B) (Complaint, Second Cause of Action, ¶ 21); and entitles him to the statutory penalty of $100 for each day

---

* The Honorable Robert E. DeMascio, Senior United States District Judge for the Eastern District of Michigan, sitting by designation.

from the date of the violation until the date of compliance. (Complaint, Prayer for Relief, ¶ 5).

On cross-motions for summary judgment, the court ruled in Armco's favor on both counts. On the first cause of action, the court determined that the claim for benefits was barred by the principles of claim preclusion; and that the equitable relief sought was barred by the doctrine of issue preclusion. As for the second count, the alleged violation of § 1133, the district court held that the statutory penalty claim failed as a matter of law because § 1133 imposes obligations on the "plan" rather than the "plan administrator"; violations of § 1133 are not actionable under § 1132(c)(1)(B); and it was undisputed that Stuhlreyer had not requested any materials. This timely appeal followed.

## II.

We review a district court's grant of summary judgment de novo. *Faughender v. City of North Olmsted, Ohio,* 927 F.2d 909, 912 (6th Cir.1991). Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56.

## A.

■ The gist of plaintiff's first argument on appeal is that none of the evidence presented in the state court action relates to the ERISA violations alleged in the instant suit. Rather, Stuhlreyer claims that the only question litigated in the state court action was whether Armco's purported reason for denying severance benefits was arbitrary and capricious. Thus, because federal courts have exclusive jurisdiction over claims for equitable relief under §§ 1132(a)(1)(A), (a)(3) and (c), his challenge to Armco's procedural violations under § 1133 is properly before the federal court. Armco responds that the district court correctly recognized plaintiff's first cause of action as encompassing two different forms of relief for purposes of its analysis of issue preclusion and claim preclusion.

■ State judicial proceedings are entitled to the same preclusive effect in federal court as they would receive in the judgment-rendering state. 28 U.S.C. § 1738; *Marrese v. American Academy of Orthopaedic Surgeons,* 470 U.S. 373, 384, 105 S.Ct. 1327, 1334, 84 L.Ed.2d 274 (1985). We therefore look to Ohio preclusion law. *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 918 F.2d 658, 663 (6th Cir.1990). In Ohio, " '[t]he doctrine of res judicata is that an existing final judgment rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction, is conclusive of rights, questions and facts in issue, as to the parties and their privies, in all other actions in the same or any other judicial tribunal of concurrent jurisdiction.' " *Gargallo,* 918 F.2d at 661 (quoting *Norwood v. McDonald,* 142 Ohio St. 299, 305, 52 N.E.2d 67, 71 (1943) (other citations omitted)). This includes all claims which were or might have been litigated in the first lawsuit. *National Amusements, Inc. v. Springdale,* 53 Ohio St.3d 60, 62, 558 N.E.2d 1178 (1990), *cert. denied,* 498 U.S. 1120, 111 S.Ct. 1075, 112 L.Ed.2d 1180 (1991). Thus, under Ohio law, claim preclusion requires that the rendering court possess subject matter jurisdiction over the original claim. *Gargallo,* 918 F.2d at 663. Similarly, "in order for an issue to be precluded in subsequent litigation involving a different cause of action, the *issue* must have actually been decided in the prior proceeding." *Kelly v. Georgia–Pacific Corp.,* 46 Ohio St.3d 134, 137, 545 N.E.2d 1244 (1989) (emphasis in original).

## 1.

Like the district court, we hold that Stuhlreyer's claim for severance benefits under ERISA is clearly barred by the prior state court judgment. The state court was jurisdictionally competent to decide Stuhlreyer's counterclaim for severance benefits, as Ohio courts share jurisdiction with the federal courts over claims for ERISA benefits by plan participants. *See* 29 U.S.C. §§ 1132(a)(1)(B) and (e)(1). Furthermore, the parties and the claim were the same, thereby satisfying all the elements of claim preclusion under Ohio law. Finally, to the extent that the present action is a clever

attempt to get a second crack at § 1132(a)(1)(B), benefits under the guise of equitable redress, it must be rejected.[1]

### 2.

■ The Ohio courts did not possess subject matter jurisdiction over Stuhlreyer's claims under 29 U.S.C. §§ 1132(a)(1)(A) and (a)(3), which is vested exclusively in the federal courts. *See* 29 U.S.C. § 1132(e)(1). Concerning the request for equitable relief under § 1132(a)(3) for violations of § 1133,[2] the district court nonetheless found that plaintiff's claims were barred by issue preclusion because the Ohio courts had conclusively resolved the factual issues underlying Stuhlreyer's present claim for equitable relief. Armco concedes that in the state court action Stuhlreyer did not allege, as in the present suit, that Armco's failure to provide him with written notice of its decision and the reasons therefore, and to afford him with an opportunity to appeal that decision entitle him to equitable relief under § 1132(a)(3). Nonetheless, Armco maintains that Stuhlreyer did in fact present the identical issue in his initial appellate brief filed in the state court litigation, in his reply brief, and in his application for reconsideration in the state court appeal.

We need not address Armco's argument, however, because the issue can be decided on summary judgment principles insofar as Stuhlreyer has simply failed to create any issue of fact that he submitted a claim for severance benefits within the purview of § 1133. Section 1133 requires an employee benefit plan to provide written notice to participants and beneficiaries whose claims for benefits are denied and to give employees a reasonable opportunity for review. 29 U.S.C. §§ 1133(1) and (2). Pursuant to implementing regulations promulgated by the Department of Labor, a claim for benefits is filed by meeting the requirements of a reasonable claims procedure. 28 C.F.R. § 2560.503–1(d). If a reasonable procedure

for filing claims has not been established, a claim is deemed filed when the claimant or claimant's representative makes a written or oral communication which is reasonably calculated to bring the claim to the attention of the appropriate person or group specified in the regulations. *Id.* In this case, assuming a single employer plan, that entity is the organizational unit which has customarily handled employer/employee benefit matters, or any officer of the employer. *Id.* § 2560.- 503–1(d)(1).

Stuhlreyer claims that his September 27, 1985 inquiry to J. William Hardin, CPD's manager of human resources, about Armco's severance plan; his October 1, 1985 statement to Turnipseed, the new president of CPD, that he was entitled to severance pay; and his pleas for assistance to Robert Gage, former president of CPD; sufficed as "claims for benefits" because the plan in effect at the time of his termination did not contain a procedure for making a claim for severance benefits under the plan. There is some dispute as to which plan was in effect in October 1985. However, under either version, the answer is the same.[3] Armco's submission of a copy of an Employee Handbook, as amended January 1, 1985, contains a chapter entitled "Administrative Facts," which explains to employees that their benefit rights are governed by ERISA, that a request for benefits must be made through a written application delivered to the employee's local benefits administrator, and that the forms for making such an application are available from the employee's local benefits administrator. (*See* J.A. at 101). It further explains how to appeal the denial of a claim for such benefits. (*Id.* at 102).

Although there is nothing in the record to prove positively that Stuhlreyer received a copy of this Employee Handbook in 1985, when it was distributed, A.C. Worrell, the Manager–Employee Benefits for Armco, stated by affidavit that it is the policy and

---

1. In any event, plaintiff's counsel correctly conceded the point at oral argument.

2. Section 1132(a)(3) allows a party to bring a civil action for relief when the requirements of § 1133 are not met. *Tolle v. Carroll Touch, Inc.,* 977 F.2d 1129, 1135 (7th Cir.1992).

3. Armco admitted at oral argument that Stuhlreyer would not have received the new involuntary separation policy, effective September 1, 1985, before his resignation. We therefore have not relied upon it in our analysis.

practice of Armco to distribute a copy to all of its employees. (Worrell Affidavit, ¶ 2; J.A. 98). Further, Stuhlreyer acknowledged in his deposition that he routinely received updated copies of Armco policies. Thus, given the reasonable assumption that Stuhlreyer had been provided with the relevant information, his oral communications, even to officers of the employer, were insufficient, because the plan contained a reasonable claims procedure which required a written application to the local benefits administrator. Further, the statements to the officers were made before Stuhlreyer had even tendered his resignation. Finally, the terms of his resignation did not contain a provision or request for severance benefits allowed under the plan.

In addition, under Stuhlreyer's version of the operative plan, S.P.I. No. 5.00–5, "Discretionary Stand–By and Idle Time Payments Policy for Salaried Employees," as revised January 1, 1979, the form entitled "Request for Unreduced Pension or Substituted Separation Allowance in Cases of Discretionary Permanent Termination of Employment," notes that "[a]n approved action will become effective only upon submission of the appropriate pension on other required forms to the Corporate Employee Benefits Department." Thus, we believe that at the time of Stuhlreyer's termination reasonable claims procedures were in place and that he failed to follow them. Thus, summary judgment to Armco on this claim was proper.[4]

### B.

■ Plaintiff's second cause of action under 29 U.S.C. § 1132(c)(1)(B) for violations of § 1133 likewise fails. First, the procedural protections of § 1133, do not, by the terms of the statute, come into play until a claim has been filed and denied; that did not occur. *See Clouatre v. Lockwood,* 593 F.Supp. 1136, 1140 (M.D.La.1984) (where plaintiff was not asking for traditional relief for alleged violation of § 1133, but seeking penalty under § 1132(c), request for information was necessary); *Meyer v. Phillip Morris, Inc.,* 575

F.Supp. 1232, 1135 (E.D.Mo.1983) (same). Second, as we recently held in the case of *VanderKlok v. Provident Life and Accident Ins. Co., Inc.,* 956 F.2d 610 (6th Cir.1992), a plan administrator cannot violate § 1133 and thus potentially incur liability under § 1132(c), because § 1133 imposes obligations on the "plan" rather than the "plan administrator." *Id.* at 618. *See also Walter v. International Assoc. of Machinists Pension Fund,* 949 F.2d 310, 315–16 (10th Cir. 1991); *Groves v. Modified Retirement Plan, Etc.,* 803 F.2d 109, 116 (3d Cir.1986).

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED.** Armco's request for attorney's fees under 29 U.S.C. § 1132(g)(1) is **DENIED.**

---

4. We note that the district court did not address this issue in its opinion. We may, however, affirm for reasons other than those stated by the

district court. *Russ' Kwik Car Wash, Inc. v. Marathon Petroleum Co.,* 772 F.2d 214, 216 (6th Cir.1985).