86 F.3d 1155
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lee Vanette FILLYAW, Plaintiff-Appellant,
v.
John F. MARCHAL, John Emm, Elizabeth Emm, and Madge Clifton
DeMay, Defendants-Appellees.
 No. 94-4233.
 United States Court of Appeals, Sixth Circuit.
 May 23, 1996.
 
 Before: MARTIN and BATCHELDER, Circuit Judges; and WISEMAN, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff appellant, Lee Vanette Fillyaw, appeals the grant of summary judgment as to all defendants on all claims. We AFFIRM.
 
 Facts and Procedural History
 
 2
 The decedent, Louise Winbigler, was the cousin of defendant Madge DeMay; DeMay's daughter is plaintiff Vanette Fillyaw. Defendants Emm were longtime friends of decedent, and defendant Marchal was decedent's attorney, who prepared decedent's will and three codicils thereto.
 
 
 3
 In the original will of January 1989 there was no specific bequest to plaintiff Fillyaw although she was a residual legatee. Decedent executed the first codicil to make a specific bequest to plaintiff Fillyaw of stocks valued at $1.6 million at the time of execution and approximately $2.6 million at the time of this suit.
 
 
 4
 Defendant DeMay, concerned about her daughter's ability to fund her granddaughter's education, established a trust for Fillyaw's daughter and persuaded decedent to fund the trust with a $20,000 specific bequest. This act was done by a second codicil, which reiterated the specific bequest of stocks to plaintiff Fillyaw.
 
 
 5
 Upon learning of the large bequest to her daughter through receipt of the second codicil wherein the trust was funded, defendant DeMay objected to Ms. Winbigler, who then asked defendant Emm to review the will and remove the specific bequest to Fillyaw. DeMay also told her daughter Fillyaw that "someone was being left money in the will who shouldn't be left so much money." Defendant Emm conveyed decedent's request to defendant Marchal, who then prepared a third codicil removing the specific bequest to Fillyaw, but leaving the bequest to the trust for Fillyaw's daughter. Fillyaw also remained a residuary legatee. Decedent executed the third codicil on August 1, 1990 and died on September 27, 1990.
 
 
 6
 Following Ms. Winbigler's death, Fillyaw filed a will contest action in the Probate Division of Darke County, Ohio, and also sued the Emms and Ms. DeMay in the General Division alleging undue influence, lack of testamentary capacity, defective execution, and breach of fiduciary duty. Mr. Marchal was named a defendant in his capacity as the executor of the will. Both of these cases were settled with Ms. Fillyaw receiving $290,000 in addition to her residuary bequest; both cases were dismissed with prejudice.
 
 
 7
 After the settlement, plaintiff Fillyaw changed lawyers and filed this suit on December 28, 1993 in the United States District Court for the Southern District of Ohio, Western Division, against the Emms, Ms. DeMay, and attorney Marchal. The parties consented to trial by Magistrate Judge Michael R. Merz under 28 U.S.C. § 636(c). The complaint sought damages resulting from alleged malpractice of attorney Marchal and conspiracy on the part of the Emms, DeMay, and Marchal. The allegations of malpractice were that Marchal disclosed the contents of the second codicil to DeMay, failed to exercise his independent judgment as to Ms. Winbigler's state of mind on the day of the execution of the third codicil, and failed to protect Ms. Winbigler's property. The complaint alleged conspiracy to commit these acts of malpractice. The complaint further alleged unjust enrichment and tortious interference with an inheritance expectancy.
 
 Discussion
 
 8
 We review a grant of summary judgment de novo. Curto v. City of Harper Woods, 954 F.2d 1237 (6th Cir.1992). Ohio law governs the decision in this diversity case. Stuhlreyer v. Armco, 12 F.3d 75 (6th Cir.1993). "[A]n existing final judgment or decree between the parties to litigation is conclusive as to all claims which were or might have been litigated in a first lawsuit." National Amusements, Inc. v. City of Springdale, 558 N.E.2d 1178, 1180 (Ohio 1990), cert. denied, 498 U.S. 1120 (1991). The Magistrate Judge correctly held that allegations of malpractice in following the suggestions of Mr. Emm with respect to the third codicil and the failure to assure himself of Ms. Winbigler's competence were necessarily subsumed within the state court's determination of the validity and the voluntariness of the will and its codicils.
 
 
 9
 The allegation of malpractice in revealing the contents of the second codicil to Ms. DeMay lacks any evidentiary support. The testimony of Mr. Marchal that he informed Ms. Winbigler of his intent to send the codicil to Ms. DeMay to confirm the funding of the trust and that Mrs. Winbigler approved of this act is not contradicted. There is, therefore, no genuine of material fact for trial, and summary judgment as a matter of law on this issue is appropriate. Street v. J.C. Bradford & Co., 886 F.2d 1472, 1476 (6th Cir.1989).
 
 
 10
 In addition, under Ohio law Ms. Fillyaw may not recover for malpractice against an attorney unless she is a client or in privity with a client. Elam v. Hyatt Legal Services, 541 N.E.2d 616 (Ohio 1989). She is neither, but claims to come within the exception of malice recognized in Simon v. Zipperstein, 512 N.E.2d 636 (Ohio 1987). There is no evidence from which a reasonable jury could conclude that Marchal entertained any malice toward her, and summary judgment was properly granted on this issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).
 
 
 11
 The Magistrate Judge further correctly concluded that there was insufficient evidence upon which a reasonable jury could find the existence of a conspiracy. Under Ohio law, a civil conspiracy requires proof of (1) a malicious combination, (2) of two or more persons, (3) with injury to persons or property, and (4) the existence of an unlawful act independent from the actual conspiracy. Universal Coach v. NYC Transit Authority, 629 N.E.2d 28 (Ohio Ct.App.1993). Fillyaw asserts the alleged malpractice of Marchal as the requisite unlawful acts. As explained, supra, we affirm the Magistrate Judge's finding that no such evidence of malpractice exists.
 
 
 12
 Marchal also asserts the one year statute of limitations on attorney malpractice claims under Ohio Revised Code, § 2305.11(A). The Magistrate Judge did not rely upon this ground for summary judgment, and in view of this Court's holding that no evidence of malpractice was presented, it is unnecessary to address this issue, however meritorious it appears to be.
 
 
 13
 For the foregoing reasons, the judgment is AFFIRMED.
 
 
 
 *
 The Honorable Thomas A. Wiseman, Jr., District Judge for the Middle District of Tennessee, sitting by designation