**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

CURTIS WAYNE TALIAFERRO,
Plaintiff-Appellant,

v.

ASSOCIATES CORPORATION OF NORTH
AMERICA, a Texas Corporation;
ASSOCIATES FIRST CAPITAL
CORPORATION, a Delaware
Corporation; ASSOCIATES FIRST

No. 00-1088

CAPITAL CORPORATION, Short-Term
Disability Plan; ASSOCIATES FIRST
CAPITAL CORPORATION, Long-Term
Disability Plan; ASSOCIATES FIRST
CAPITAL CORPORATION, Pension Plan;
AETNA U. S. HEALTHCARE, a Texas
Corporation; ASSOCIATES FINANCIAL
SERVICES, INCORPORATED,
Defendants-Appellees.

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
Patrick Michael Duffy, District Judge.
(CA-98-2894-2-23AJ)

Submitted: July 31, 2000

Decided: August 14, 2000

Before WIDENER, WILKINS, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Ray P. McClain, RAY P. MCCLAIN, ATTORNEY, P.A., Charleston, South Carolina, for Appellant. J. Lewis Sapp, Kelly Michael Hundley, Patrick L. Lail, ELARBEE, THOMPSON & TRAPNELL, L.L.P., Atlanta, Georgia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Curtis Wayne Taliaferro appeals from the district court's order granting summary judgment for Defendants on his claim that Defendants improperly denied him disability benefits under their short term and long term disability plans. On appeal, Taliaferro argues that the district court erred in determining the standard of review of the plans' denial of his claim for benefits, that he timely submitted his claims for benefits, and that he presented enough evidence to establish a genuine issue of fact as to whether he was "disabled." Finding no reversible error, we affirm.

Taliaferro presented evidence that his physician determined him to be disabled as of June 12, 1997. Despite this determination, Taliaferro continued to work, performing all of the duties of his position as Branch Manager of the Associates Financial Services Company's branch in Orangeburg, South Carolina, until October, 1, 1997, when he was terminated from his employment due to his continued mistreatment of employees. Following his termination, Taliaferro applied for disability benefits under Associates' short term disability plan (STD) and its long-term disability plan (LTD).

After the claims administrator denied his application and this decision was upheld on review, Taliaferro filed a complaint in the district

2

court alleging, inter alia, that he was denied disability benefits in violation of ERISA. The district court granted Defendants' motion for summary judgment on all claims. As for the ERISA claim, the court found that the plans conferred discretion to the plan administrator, the claims administrator, and the plan insurer, and therefore the scope of review was limited to whether the denial of benefits was an abuse of discretion. The court then found that Taliaferro's application for benefits was filed after he was terminated from his employment. At that time, Taliaferro was no longer covered under the disability plans, which terminated coverage on the date his employment ended. The court also noted: "If the plan were construed so as to require de novo review, the result would be the same as there is nothing in the record to contradict the substantial evidence supporting the conclusion that Mr. Taliaferro was not eligible for disability benefits because he was terminated prior to his application for those benefits." (JA at 343 n.12).

We agree with the district court that under de novo review, the result would be the same. Therefore, we need not address whether the language in the plans confer discretion on the administrator such that review is for abuse of discretion.

The plans provide that STD and LTD coverage ends on the date employment ends. Taliaferro's employment was terminated on October 1, 1997. Accordingly, under the terms of the plans, his coverage under the STD and LTD plans ended on that date. See Lockhart v. UMWA 1974 Pension Trust, 5 F.3d 74, 78 (4th Cir. 1993) ("The award of benefits under any ERISA plan is governed in the first instance by the language of the plan itself."). The district court properly found that Taliaferro was not eligible for benefits when he filed his claim for disability after October 1, 1997, claiming a disability as of that date or even before that date.*

Taliaferro asserts that he verbally requested to file for disability benefits at the time of his termination and, construing all reasonable

_____

*The denial of benefits was not because the claim was not made within the eligibility period, but because Taliaferro was not "disabled" as defined by the plans on or before October 1, 1997. After October 1, 1997, he was no longer a covered employee.

3

inferences in his favor, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986), this should be deemed an "application" for benefits. However, such a verbal request was not sufficient under the language of the plans, which required a written application. See 29 C.F.R. § 2560.503-1(d) (1999); Stuhlreyer v. Armco, Inc., 12 F.3d 75, 79 (6th Cir. 1993).

Taliaferro contends that because he was disabled under South Carolina law and he was found disabled under the definitions of the Social Security Administration, he was disabled for purposes of the STD and LTD plans. However, these findings are based on different definitions of "disability." See Elliott v. Sara Lee Corp., 190 F.3d 601, 607 (4th Cir. 1999).

Taliaferro also argues that he was, in fact, disabled while he was covered under the plans. Although he continued to work after his physician determined that he was disabled, he asserts that he was not performing his duties in "the usual and customary manner." He contends that the pain medication that he was taking for his disabling back injury caused him to mistreat his employees, which, in turn, led to his termination.

Defendants' plans provide that disability is a prerequisite for benefits under either the STD or the LTD plan. Under the STD plan "[d]isability means a physical or mental condition or illness that keeps you from being able to perform the duties of your regular job (or other duties your supervisor assigns) for more than one week." The LTD plan's definition of "totally disabled" is having "a physical or mental impairment that keeps you from being able to work." Here, because Taliaferro continued to perform the "duties of [his] regular job" he was not disabled under the plans. See LeFebre v. Westinghouse Elec. Corp., 747 F.2d 197, 202, 208 (4th Cir. 1984) (upholding plan trustee's denial of benefits when, despite his doctor's determination of a disability, LeFebre worked until he was fired); Brown v. Seitz Foods, Inc. Disability Benefit Plan, 140 F.3d 1198, 1199-2000 (8th Cir. 1998) (denying benefit coverage when Brown worked up until the day he was fired and therefore could not show that he was unable to perform the duties of his occupation before he was fired).

Because Taliaferro was not disabled within the meaning of the plans while he was covered under the plans, see Lockhart, 5 F.3d at

4

78 (benefits eligibility under ERISA plan governed by language of the plan), we affirm the district court's order granting summary judgment for the Defendants. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED