16-3551
Singh v. Sessions

BIA
Zagzoug, IJ
A206 020 340

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of February, two thousand eighteen.

PRESENT:
> DENNIS JACOBS,
> PETER W. HALL,
> DENNY CHIN,
> *Circuit Judges.*

_____

JATINDER SINGH,
> *Petitioner,*

v.                                          16-3551
                                            NAC

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Amy Nussbaum Gell, New York, NY.

FOR RESPONDENT:        Chad A. Readler, Acting Assistant
                       Attorney General; M. Jocelyn Lopez
                       Wright, Senior Litigation Counsel;
                       Lori B. Warlick, Trial Attorney,
                       Office of Immigration Litigation,
                       United States Department of
                       Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jatinder Singh, a native and citizen of India, seeks review of a September 21, 2016, decision of the BIA affirming a June 17, 2015, decision of an Immigration Judge ("IJ") denying Singh's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jatinder Singh,* No. A 206 020 340 (B.I.A. Sept. 21, 2016), *aff'g* No. A 206 020 340 (Immig. Ct. N.Y. City June 17, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the BIA's and IJ's decisions. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165 (2d Cir. 2008).

The agency may, "[c]onsidering the totality of the circumstances," base an adverse credibility determination on "the consistency between the applicant's or witness's written and oral statements . . . the internal consistency

2

of each such statement, the consistency of such statements with other evidence of record . . . and any inaccuracies or falsehoods in such statements." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.

Substantial evidence supports the agency's conclusion that Singh was not credible. Significant inconsistencies between Singh's testimony and application on the one hand and his statements to an asylum officer on the other provide substantial evidence for the adverse credibility determination. 8 U.S.C. § 1158(b)(1)(B)(iii); *see Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006) (holding that material inconsistency relating to central aspect of asylum claim provided substantial evidence for adverse credibility determination). During his credible fear interview, Singh stated that police officers threatened and beat him when he went to lodge a complaint. But he omitted this beating from his application and direct testimony. The agency reasonably relied on this omission to assess Singh's credibility. *See*

3

*Xiu Xia Lin*, 534 F.3d at 166 n.3 ("An inconsistency and an omission are . . . functionally equivalent" for credibility purposes); *Ming Zhang v. Holder*, 585 F.3d 715, 726 (2d Cir. 2009) ("Omissions that go to a heart of an applicant's claim can form the basis for an adverse credibility determination." (internal quotation marks and brackets omitted)). The agency was not compelled to accept Singh's explanation that he omitted the incident because the police officers warned him against reporting it because that explanation did not resolve why he omitted the episode from his U.S. asylum application. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks and citation omitted)).

Singh's credibility was further undermined by additional inconsistencies between his own statements and his supporting documentary evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167 (reasoning that "an IJ may rely on *any* inconsistency or omission in making an adverse credibility determination" and upholding

4

reliance on omissions and inconsistencies stemming from letters). Singh testified that his friend was shot in January 2012; but his application, credible fear interview, and an affidavit from a family friend reported that a friend of Singh's was shot by Congress Party workers before Singh was attacked in December 2011. When asked to explain, Singh simply reiterated his testimony, thus, did not resolve the inconsistency. *See Majidi*, 430 F.3d at 80-81.

In addition, Singh testified that he spent approximately one week in the hospital after each of two attacks by Congress Party members, but his written statement mentions only one brief hospital visit after the second attack. *See Ming Zhang*, 585 F.3d at 726. The IJ reasonably gave diminished weight to Singh's medical records given that the initial copies were undated but the originals contained dates. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 149 (2d Cir. 2008) ("afford[ing] IJs considerable flexibility in determining the authenticity of . . . documents from the totality of the evidence and in using documents found to be authentic in making an overall assessment of the credibility of a petitioner's testimony and, ultimately, of h[is] persecution claim.").

Finally, the agency reasonably relied on the lack of objective, reliable documentary evidence to corroborate the kidnapping of Singh's son in India, and Singh's political affiliation. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). The IJ did not err in giving diminished weight to affidavits from Singh's wife, mother, friend, and family friend, because two of them were interested witnesses, none was available for cross-examination, and the documents relied solely on Singh's testimony for authenticity. *See Shunfu Li*, 529 F.3d at 149; *Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013) ("We defer to the agency's determination of the weight afforded to an alien's documentary evidence.").

Given the omissions and inconsistencies, substantial evidence supports the agency's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xian Tuan Ye*, 446 F.3d at 295-96. Because Singh's claims all relied on his credibility, the adverse credibility determination is dispositive of asylum, withholding of

removal, and CAT relief.  *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

```
                         FOR THE COURT:
                         Catherine O'Hagan Wolfe, Clerk of Court
```