Gurpreet v. Garland

BIA
Christensen, IJ
A213 081 933

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of October, two thousand twenty-four.

PRESENT:
        JON O. NEWMAN,
        SUSAN L. CARNEY,
        WILLIAM J. NARDINI,
            *Circuit Judges.*
_____

GURPREET GURPREET,
        *Petitioner*,

        v.                                                    23-6196
                                                             NAC

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
        *Respondent.*
_____

**FOR PETITIONER:**            Jana Junuz, Esq., S. Richmond Hill, NY.

**FOR RESPONDENT:**            Brian Boynton, Principal Deputy Assistant
                              Attorney General; Brianne W. Cohen, Senior
                              Litigation Counsel; Rebecca H. Phillips, Trial
                              Attorney, Office of Immigration Litigation,
                              United States Department of Justice,
                              Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Gurpreet Gurpreet, a native and citizen of India, seeks review of a February 3, 2023, decision of the BIA affirming a September 10, 2019 decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Gurpreet Gurpreet,* No. A213 081 933 (B.I.A. Feb. 3, 2023), *aff'g* No. A213 081 933 (Immigr. Ct. N.Y.C. Sept. 10, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We have considered both the IJ's and the BIA's opinions. *See Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). "We review *de novo* questions of law and the application of law to fact," and "[w]e review the agency's factual findings, including adverse credibility findings, under the substantial

evidence standard." *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . , and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." *Id.* § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. The inconsistencies between statements made by Gurpreet in his

3

credible fear interview[1] and in his affidavit and testimony regarding alleged attacks on him by members of a rival political party provide substantial evidence for the agency's adverse credibility determination.

Gurpreet filed an affidavit and testified at his hearing that members of the Bharatiya Janata Party and the Badal Party assaulted him in August 2016 and again in December 2016 on account of his work for the Mann Party. The agency reasonably relied on inconsistencies between Gurpreet's statements in the affidavit and at the hearing on one hand, and in his initial statements at a credible fear interview on the other hand. The agency "may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible." *Xiu Xia Lin*, 534 F.3d at 167 (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)). "[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully." *Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020). The account of

---

[1] Gurpreet does not challenge the reliability of the interview record, and it bears sufficient indicia of reliability, because, as the IJ found, the interview was recorded in question-and-answer format with sufficient detail, the questions posed were designed to elicit an asylum claim, and the interview was conducted in Gurpreet's native language. *See Ming Zhang v. Holder*, 585 F.3d 715, 725 (2d Cir. 2009).

the attacks that Gurpreet gave in his credible fear interview was inconsistent with the statements made in his testimony and affidavit in several respects.

First, his descriptions of the two attacks were inconsistent and confused. For example, he stated during the interview that his attackers urinated on him during the August attack and that he was also urinated on during the second attack (in December), and that the August attack included a beating in which his arm was broken. These descriptions were inconsistent with his affidavit and testimony, in which he stated that he was urinated on only in the August attack and that his arm was injured only during the December attack. The agency was not required to credit his explanation that his confusion occurred from his "pained" and "sad" state at the time of the interview. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (quotation marks omitted)). Gurpreet was further inconsistent about the nature of the arm injury, stating in his interview that his arm was broken but later testifying that his arm was not broken and was merely swollen. In Gurpreet's hearing before the IJ, DHS counsel twice asked for clarification as to whether his

5

arm had been broken, and Gurpreet first responded, "No, my arm wasn't broken," but then said it "was swollen . . . [M]y arm was broken . . . it was really swollen . . . . It felt like [it was] broken, but it was not broken." CAR at 96. When asked why he kept stating that his arm was broken if he was told by a doctor that it was not broken, Gurpreet answered, "I felt like my arm was broken." *Id*. The agency was not required to credit this or other explanations for the inconsistencies. *See Majidi*, 430 F.3d at 80.

Third, during the interview, he stated that he went to the police after the first attack, but they did not listen and told him to leave. He also reported the second attack, he said, but the police "called bad words to [his] mother." CAR at 344. This account was inconsistent with his affidavit and testimony, in which he averred that he did not report the second attack. When confronted with his interview statement that he went to the police after each attack, he initially responded that he told the interviewer he did not go a second time. Then, when the interview record was read to him, he said, "[N]o. I told you I was very sad at that time. I didn't know what answer I'm giving to what." CAR at 100. The agency was not required to credit this explanation.

Fourth, Gurpreet also gave inconsistent statements about injuries sustained by his friend Sahil, who Gurpreet testified was with him during the first attack. When asked during his credible fear interview if he knew anyone who was similarly harmed, Gurpreet answered that his friend Sahil was "beat[en] . . . with a stick and his leg and arm [were] broken." CAR at 345. This answer was inconsistent with his testimony that Sahil's arm and leg were not broken and that Sahil suffered only swelling as a result of the beating. When confronted with the inconsistent statements, he retracted his claim that anyone broke Sahil's arm or leg and explained that he "didn't know what [he] was telling [the asylum officer], what [he] wasn't telling them." CAR at 103. The agency was not required to credit this explanation.

Finally, Gurpreet does not challenge either the agency's finding that his documentary evidence did not rehabilitate his testimony, or the agency's evaluation of the letters he submitted. Accordingly, he has abandoned review of those findings. *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." (quotation marks omitted)). In any event, the agency did not err

7

in its consideration of the documentary evidence. "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). The agency is not required to credit statements submitted by interested witnesses or declarants who are unavailable for cross-examination. *See Likai Gao*, 968 F.3d at 149 (holding that "the IJ acted within her discretion in according . . . little weight [to letters] because the declarants (particularly [petitioner]'s wife) were interested parties and neither was available for cross-examination"); *Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence.").

In sum, the inconsistencies and lack of reliable corroboration provide substantial evidence for the agency's adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 167; *Biao Yang*, 496 F.3d at 273. That determination is dispositive because all three requested forms of relief were based on the same facts. *See Hong Fei Gao*, 891 F.3d at 76.

8

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court