**Faith WILCZYNSKI, Plaintiff–Appellant,**

v.

**LUMBERMENS MUTUAL CASUALTY COMPANY, Defendant–Appellee.**

No. 95–2984.

United States Court of Appeals, Seventh Circuit.

Argued Feb. 14, 1996.

Decided Aug. 22, 1996.

Mark D. DeBofsky (argued), Richard Q. Holloway, DeBofsky & DeBofsky, Chicago, IL, for Plaintiff–Appellant.

John F. Zabriskie (argued), Patrick Francis Solon, Hopkins & Sutter, Chicago, IL, for Defendant–Appellee.

Before COFFEY, FLAUM and RIPPLE, Circuit Judges.

RIPPLE, Circuit Judge.

Faith Wilczynski commenced this action against her former employer, Lumbermens Mutual Casualty Company ("Lumbermens"). Ms. Wilczynski's amended complaint seeks a declaration of her entitlement to certain disability and health care benefits and a statutory fine under ERISA for Lumbermens' failure to provide her with documents pertinent to her claim. The district court granted Lumbermens' motion to dismiss the amended complaint on the ground that Ms. Wilczynski had not exhausted Lumbermens' internal administrative remedies prior to filing suit. The district court also took the view that, with respect to the statutory fine claim, the amended complaint fails to state a claim against Lumbermens. For the reasons set forth in the following opinion, we affirm the judgment of the district court in part, and reverse and remand in part.

# I

## BACKGROUND

### A.

While still an employee of Lumbermens, Faith Wilczynski elected to participate in a long-term disability benefit plan. The disability plan, sponsored by Lumbermens, provides benefits, under certain circumstances, to employees who become totally disabled and unable to work. The disability plan is an "employee benefit plan" governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq.

Ms. Wilczynski developed neurological symptoms in 1987 and, at some point thereafter, was diagnosed with multiple sclerosis. By July 1991, as a result of the multiple sclerosis and a pregnancy, she was no longer able to work. She applied for disability benefits from Lumbermens and, beginning in September 1991, received benefits under the disability plan. The payments continued until December 1993, when Lumbermens informed her that it was terminating her benefits because she was no longer "disabled." The decision to terminate her benefits was made retroactive to September 1993. The notification letter invited Ms. Wilczynski to

request internal review of the termination decision.

At all times relevant to this appeal, Lumbermens' disability plan provided insureds with three levels of internal administrative appeal. The initial level of review is conducted within Lumbermens' Employee Claim Department; the second level is conducted by a panel consisting of a Director of Compensation and Benefits and two vice-presidents. Ms. Wilczynski unsuccessfully pursued these first two levels of internal administrative review. After the second-level review of her claim was denied, Ms. Wilczynski retained counsel to assist her with the third and final level of internal administrative review.

On April 11, 1994, while Ms. Wilczynski was still eligible to seek final administrative review of the claim, her attorney advised Lumbermens that Ms. Wilczynski was seeking a review of her claim and that, in order to prepare her appeal, it was necessary to obtain the claim file containing the evidence relied upon by Lumbermens in making the decision to terminate her benefits. The letter demanded the "complete contents" of Lumbermens' file. R.11, Ex.B at 1. Lumbermens did not respond to this request. Relying on 29 C.F.R. § 2560.503–1(g), Ms. Wilczynski's attorney therefore wrote a second letter to Lumbermens asserting the right to "review pertinent documents." The letter advised Lumbermens that, "unless we have the entire claim file by Monday, May 2nd, we will consider all administrative appeal efforts futile and exhausted and will proceed to Federal Court." R.11, Ex.C at 1. When Lumbermens still did not furnish the claim file, Ms. Wilczynski filed her original complaint in the district court.[1] Lumbermens did not provide Ms. Wilczynski with access to the claim file until August 10, 1994—several months after the lawsuit was filed.

Ms. Wilczynski also participated in a health benefit plan for Lumbermens' employees. Lumbermens' termination of Ms. Wilczynski's employment on January 3, 1994 triggered a notice to her of her right to continue receiving healthcare benefits, at her own expense, under the COBRA amendment to ERISA, 29 U.S.C. § 1161 *et seq.* The notice informed Ms. Wilczynski that, in order to continue coverage, she would be required to send a COBRA coverage election notice to Cobraserv, a third-party administrator, by May 20, 1994. In her amended complaint, Ms. Wilczynski alleges that she mailed the election notice on May 2, 1994. Claiming that it did not receive her election notice by the May 20 deadline, however, Cobraserv denied Ms. Wilczynski's request for COBRA coverage and refused her tender of COBRA coverage premiums.

Appeals of COBRA coverage claims are reviewed initially by Cobraserv; Lumbermens then reviews the claims in accordance with the appeal procedures of the underlying health benefit plan. Here, Lumbermens' procedures to review the denial of COBRA coverage are the same as those in use for the disability plan. Ms. Wilczynski sought and obtained internal review of Cobraserv's decision that she was not eligible for coverage, but she did not seek review of that decision at Lumbermens. Instead, she amended her complaint to include a claim for COBRA coverage.

The amended complaint contains three claims in two counts. Count I seeks a determination of Ms. Wilczynski's right to disability benefits and reasserts her claim for a statutory fine against Lumbermens under ERISA. *See* 29 U.S.C. § 1132(c). Count II requests a determination of her right to health insurance benefits under the COBRA amendment to ERISA. Lumbermens filed a motion to dismiss all three claims. With respect to each of the benefit claims, Lumbermens moved to dismiss on the ground that Ms. Wilczynski had failed to exhaust the administrative remedies provided by each plan. Lumbermens moved to dismiss the statutory fine claim on the ground that the amended complaint does not state a claim upon which relief could be granted.

---

1. In her initial complaint, Ms. Wilczynski sought: (1) an order directing Lumbermens to produce the claim file; (2) a statutory fine against Lumbermens pursuant to 29 U.S.C. § 1132(c); (3) a sixty-day period within which to submit additional evidence relating to her disability; and (4) a declaration of disability or a remand to Lumbermens for an administrative determination of disability.

### B.

The district court granted Lumbermens' motion to dismiss.[2] The district court took the view that Ms. Wilczynski had failed to exhaust Lumbermens' internal administrative remedies and that neither of the two exceptions to the exhaustion requirement—futility or lack of meaningful access to the review procedures—applies to excuse the failure. The district court ruled that Ms. Wilczynski's complaint failed to allege sufficiently the futility of pursuing the review procedures and that, with respect to the disability claim, Lumbermens had denied her meaningful access to a full and fair review by withholding the claim file.

The district court further concluded that 29 U.S.C. § 1132(c)—the statutory fine provision—does not apply to Lumbermens' failure to provide Ms. Wilczynski's claim file. That section applies only to documents that are required to be furnished by the text of ERISA, it concluded, and Ms. Wilczynski's entitlement to the claim file is covered by the Code of Federal Regulations. Even if the applicable regulation were covered by section 1132(c), the court continued, it does not require that the documents be furnished to the claimant; the regulation merely requires that the claimant be permitted to "review" the "pertinent documents." Judgment was entered with prejudice; Ms. Wilczynski appeals the dismissal of her complaint.

## II

### DISCUSSION

Ms. Wilczynski raises three issues on appeal. She asserts that the district court erred when it (1) dismissed her benefits claims for failure to exhaust Lumbermens' administrative remedies; (2) dismissed those

2. In addition to the grounds outlined in the text, the district court dismissed the amended complaint for failure to name a proper party defendant. Like her original complaint, Ms. Wilczynski's amended complaint names "Kemper National Insurance Companies" as the sole defendant. The district court took the view that "Kemper National Insurance Companies," a trade name used by Lumbermens and other insurance companies, is not the "appropriate named fiduciary" against whom suit may be brought. *See* 29 U.S.C. § 1133(2); 29 C.F.R.

claims with prejudice; and (3) dismissed her claim under 29 U.S.C. § 1132(c) for a statutory fine against Lumbermens.

### A.

We review the grant of a motion to dismiss de novo. *Hager v. City of West Peoria*, 84 F.3d 865, 868–69 (7th Cir.1996). Like the district court, we must take all of the well-pleaded factual allegations contained in the amended complaint as true and draw all inferences therefrom in the light most favorable to the non-moving party. *Id. Covington Court, Ltd. v. Village of Oak Brook*, 77 F.3d 177, 178 (7th Cir.1996). A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim that would entitle her to relief. *Doherty v. City of Chicago*, 75 F.3d 318, 322 (7th Cir.1996).

### B.

Although the ERISA statute is silent on the issue of whether exhaustion of administrative remedies is a prerequisite to suit, this court held, in *Kross v. Western Electric Co., Inc.*, 701 F.2d 1238 (7th Cir.1983), that a district court properly may require the exhaustion of administrative proceedings prior to the filing of a claim alleging the violation of an ERISA statutory provision. *Id.* at 1244. In *Powell v. A.T. & T. Communications, Inc.*, 938 F.2d 823 (7th Cir.1991), we noted:

> [T]he rule in this court is clear: [T]he decision to require exhaustion as a prerequisite to bringing suit is a matter within the discretion of the trial court and may be disturbed on appeal only when there has been a clear abuse of discretion.

§ 2560.503–1(h)(1)(i). The district court proceeded to address the merits of the claim. On appeal, the appellant takes the position that this defect was subject to remedy by amendment and therefore was not a viable basis for dismissal with prejudice. The appellees do not dispute this position and do not offer the misnomer as an alternate basis for affirmance. Under these circumstances, we shall proceed as if the complaint named Lumbermens as the proper defendant.

*Id.* at 825. Our cases have noted the sound policy reasons that support implementation of this requirement. Requiring exhaustion of administrative remedies "enhances the ability of plan fiduciaries to expertly and efficiently manage their plans by preventing premature judicial intervention" and assists the courts by ensuring that plaintiffs' claims have been "fully considered" by plan fiduciaries. *Powell*, 938 F.2d at 826; *see Kross*, 701 F.2d at 1244. The exhaustion requirement also gives effect to Congress' apparent intent, in mandating internal claims procedures, to minimize the number of frivolous lawsuits, to promote consistent treatment of claims, to provide a nonadversarial dispute resolution process, and to decrease the cost and time of claims settlement. *See Powell*, 938 F.2d at 826.

The parties agree that Ms. Wilczynski did not complete the final level of Lumbermens' internal administrative review. Ms. Wilczynski asserts, however, that the district court abused its discretion in applying the exhaustion requirement to dismiss her claim for disability benefits because, although she did not exhaust Lumbermens' internal plan remedies, her amended complaint alleges sufficiently that one of the exceptions to the exhaustion requirement applies to excuse that failure.

 As the district court correctly noted, our cases have recognized two exceptions to the requirement of administrative exhaustion. A plaintiff's failure to exhaust administrative remedies is excused: (1) where there has been a lack of meaningful access to the review procedures; and (2) where exhaustion of internal remedies would be futile. *Smith v. Blue Cross & Blue Shield United of Wis.*, 959 F.2d 655, 658–59 (7th Cir.1992).

Ms. Wilczynski submits that each of these exceptions applies to excuse her failure to complete the final level of administrative review. Ms. Wilczynski asserts that Lumbermens denied her meaningful access to the review proceedings by refusing to furnish the claim file. She maintains that, without the claim file, she was unable to identify the "pertinent documents" that 29 C.F.R. § 2560.503–1(g) entitles her to review and that, without access to those documents, she was unable to formulate a meaningful appeal.

Under ERISA, Ms. Wilczynski was entitled to "a full and fair review" of the decision to terminate her disability benefits. 29 U.S.C. § 1133. In order to permit such a review, she must be given the opportunity to "review pertinent documents." 29 C.F.R. § 2560.503–1(g). *See generally, Halpin v. W.W. Grainger, Inc.*, 962 F.2d 685, 688–90 (7th Cir.1992). We have interpreted the requirement of "full and fair review" to mean that a benefit plan must provide claimants with access to "the evidence the decisionmaker relied upon" in denying their claim.[3] *Brown v. Retirement Comm. of Briggs & Stratton Retirement Plan*, 797 F.2d 521, 534 (7th Cir.1986), *cert. denied*, 479 U.S. 1094, 107 S.Ct. 1311, 94 L.Ed.2d 165 (1987); *see Halpin*, 962 F.2d at 689.

We agree with Lumbermens that Ms. Wilczynski's all-or-nothing request for the "entire contents of the claim file" is substantially broader than her entitlement under 29 C.F.R. § 2560.503–1(g) to "review pertinent documents." We believe it is important to remember, however, that our cases have applied the exhaustion doctrine on records significantly more plenary than the one before us in this case. Unlike the present case, *Powell*, for example, did not involve a motion

---

3. In describing the evidence which the decisionmaker relied upon in denying the claim, the first step must be to identify the reasons for the denial. In *Halpin v. W.W. Grainger, Inc.*, 962 F.2d 685 (7th Cir.1992), we held that a plan administrator denying a claim for benefits must, in accordance with 29 C.F.R. § 2560.503–1(f), identify specific reasons for benefit denial and must specify the evidence on which the denial is based. *Id.* at 689. In addition, the plan administrator must provide the claimant with "a description of any additional materials or information necessary for the claimant to perfect the claim and an explanation of why such material or information is necessary." 29 C.F.R. § 2560.503–1(f).

Like the notice provisions at issue in *Halpin*, the requirement that a claimant be permitted to "review pertinent documents" ensures that a full and fair review is conducted by the plan administrator, enables the claimant to prepare adequately for further administrative review or eventual recourse to the federal courts, and makes it possible for the courts to perform the task, entrusted to them by ERISA, of reviewing that denial. *See Halpin*, 962 F.2d at 693.

to dismiss decided solely on the basis of the factual allegations in the plaintiff's complaint; the plaintiff in *Powell* sought review of the entry of summary judgment against him for failing to exhaust his employer's administrative remedies. The same is true of our other cases upholding the exhaustion requirement. *See, e.g., Lindemann v. Mobil Oil Corp.,* 79 F.3d 647 (7th Cir.1996) (summary judgment); *Dale v. Chicago Tribune Co.,* 797 F.2d 458 (7th Cir.1986) (summary judgment), *cert. denied,* 479 U.S. 1066, 107 S.Ct. 954, 93 L.Ed.2d 1002 (1987); *Kross v. Western Elec. Co.,* 701 F.2d 1238 (7th Cir.1983) (summary judgment).[4] At this early stage of the proceedings, we are unable to conclude that the allegations in Ms. Wilczynski's amended complaint are insufficient to demonstrate that Lumbermens denied her meaningful access to final administrative review.

The amended complaint alleges that, on April 11, 1994, Ms. Wilczynski's attorney advised Lumbermens that they were seeking a review of the decision to terminate her disability benefits and that, "in order to perfect an appeal, it was necessary for them to receive the claim file containing evidence relied upon by [Lumbermens] in terminating benefits...." R.11, First Am. Compl. para. 12. The complaint further alleges that, despite repeated demands for the file, "at no time prior to the filing of this suit did [Lumbermens] furnish Wilczynski with the claim file that was requested." *Id.* para. 14. In fact, Lumbermens did not provide Ms. Wilczynski

with access to the requested materials until August 10, 1994—more than three months after the time to take the final appeal had expired.

A fair reading of these allegations reveals that, although his request for the entire claim file is overly broad, Ms. Wilczynski's attorney sought principally the "pertinent documents" to which he was entitled. *See* 29 C.F.R. § 2560.503-1(g); *Halpin,* 962 F.2d at 689. Limiting our review, as we must, to the record before the court on the motion to dismiss, we conclude that, contained within counsel's overly expansive request for the entire claim file, there well may have existed a justified "lesser included request" to review the evidence that Lumbermens relied upon when it decided to terminate her disability benefits. We think that the amended complaint can be read as alleging that, instead of responding to Ms. Wilczynski's request by providing her with access to the material that the regulation does entitle her to review, Lumbermens elected to reject the request *in toto.* This sort of gamesmanship by Lumbermens, if proven,[5] is inconsistent with the mandate of 29 U.S.C. § 1133 and frustrates the salutary policy interests underlying the requirement of administrative exhaustion.

Accordingly, we hold that the averments in the amended complaint are sufficient to allege that Lumbermens denied Ms. Wilczynski meaningful access to a "full and fair" final appeal of her claim for disability benefits. In

---

4. This court also recited the abuse of discretion standard in *Smith v. Blue Cross & Blue Shield,* 959 F.2d 655 (7th Cir.1992), a case in which the district court dismissed the case and imposed Rule 11 sanctions against the beneficiaries' attorney. On appeal, however, our discussion of the exhaustion doctrine and the abuse of discretion standard took place in the context of the district court's alternative ruling that "summary judgment ... would be appropriate because plaintiffs had not exhausted their plan remedies." *Id.* at 658. We noted that "[a] district judge may so decide, and we would disturb this decision only if there has been a clear abuse of discretion." *Id.* (citing *Powell,* 938 F.2d at 825). The remainder of the court's discussion in *Smith* makes clear that it was contemplating an exhaustion decision in the context of summary judgment. *See id.* at 659 (noting the lack of evidence in the record to support the claimants' assertion that they were unaware of the review procedures).

5. In its brief, Lumbermens asserts that it offered Ms. Wilczynski an opportunity to review "pertinent documents" as required by 29 C.F.R. § 2560.503-1(g) and *Halpin.* In support of this position, Lumbermens invites our attention to a letter, written by Ms. Wilczynski's attorney, that references the regulation and recites counsel's desire to "review pertinent documents." *See* R.1, Ex.C at 1. Although we do not understand how this document advances Lumbermens' position, it is not necessary for us to resolve this factual question at this stage of the litigation. If, on remand, Lumbermens is able to come forward with evidence that it did offer Ms. Wilczynski the opportunity to review pertinent documents and that counsel rejected the offer and reasserted his all-or-nothing demand, Lumbermens may be entitled to summary judgment on this basis. The issue on appeal, however, involves only the allegations of Ms. Wilczynski's complaint.

light of this conclusion, we do not address Ms. Wilczynski's alternative contention that pursuing further internal review of the disability benefit claim would have been futile.

## C.

The same exhaustion principles apply to Ms. Wilczynski's claim for continuing health benefits under the COBRA amendment to ERISA. With respect to this claim as well, Ms. Wilczynski submits that the district court erred in dismissing her complaint on the ground that she failed to exhaust administrative remedies. In support of this position, she offers two alternative propositions: (1) She claims to have exhausted all avenues of administrative review of her COBRA coverage claim that were known to her; and (2) even if further levels of review were available, pursuing them would have been futile because she and Lumbermens were already adversaries in this litigation. In order to examine each of these contentions, it is necessary to examine the sequence of events that led Ms. Wilczynski to amend her complaint to include a claim for COBRA coverage.

Lumbermens denied COBRA coverage because Cobraserv, the third-party administrator of COBRA coverage, did not receive Ms. Wilczynski's election notice by May 20, 1994—the end of the 60-day election period. At some point thereafter, Ms. Wilczynski apparently submitted a written request to Cobraserv to review its decision denying her coverage. Cobraserv acknowledged, in a letter dated July 12, 1994, that it had "received a written request to review [Ms. Wilczynski's] eligibility for COBRA continuation coverage." R.13, Ex.1. The letter outlined "Cobraserv's Review Process, which starts immediately upon receipt of [Ms. Wilczynski's] request for review," and indicated that a written response would be sent

to her within 14 days of Cobraserv's receipt of that request. *Id.*

Three days later, on July 15, 1994, Ms. Wilczynski received another letter from Cobraserv. The letter concluded: "As a result of our review, we must confirm that you are not eligible for COBRA continuation coverage because we did not receive your election within the 60-day time period allowed by law." R.15, Ex.1. The letter does not allude to the availability of additional review procedures at Cobraserv or at Lumbermens.

■ Ms. Wilczynski submits that, because Cobraserv's postdenial correspondence does not indicate that further review was available to her, she has "apparently exhausted her administrative remedies." Appellee's Br. at 22–23. We cannot accept this assertion. The internal appeal process for denial of COBRA coverage is stated in the Lumbermens' "Summary Plan Description." The Summary Plan Description specifically provides that COBRA "[c]ontinuation coverage is subject to all provisions" of the Major Medical Benefit Plan. R.17, Ex.A, at 12. One of those provisions outlines Lumbermens' review procedures for denied claims. *See id.* at 8–9. At the time that her COBRA benefits were denied, Ms. Wilczynski, through counsel, was pursuing an internal appeal of her disability claim using these same procedures.

■ Ms. Wilczynski next asserts that, even if further levels of review were available, pursuing them would have been futile. In order to come under the futility exception to the exhaustion requirement, a plaintiff must show that "it is certain that [her] claim will be denied on appeal, not merely that [she] doubts that an appeal will result in a different decision." *Lindemann,* 79 F.3d at 650 (quoting *Smith,* 959 F.2d at 659).[6] At this early stage of the proceedings, we believe that the allegations contained in the amended complaint are sufficient to bring her claim for COBRA benefits under the

---

**6.** *See, e.g., Diaz v. United Agric. Employee Welfare Benefit Plan & Trust,* 50 F.3d 1478, 1485 (9th Cir.1995) (noting that the futility exception "is designed to avoid the need to pursue administrative review that is demonstrably doomed to fail"); *Carter v. Signode Indus., Inc.,* 688 F.Supp. 1283, 1287 (N.D.Ill.1988) (finding exhaustion futile where putative class members had appealed

decision and Director of the Plan "made it clear that no adjustments were forthcoming"); *cf., Dale v. Chicago Tribune Co.,* 797 F.2d 458, 467 (7th Cir.1986) ("absence of 'neutral arbitrator' does not, by itself, render the exhaustion of such procedures futile"), *cert. denied,* 479 U.S. 1066, 107 S.Ct. 954, 93 L.Ed.2d 1002 (1987).

futility exception to the requirement of exhaustion of administrative remedies. Paragraph 27 of the amended complaint alleges:

> Because of the multiplicity of claims that has risen and due to [Lumbermens'] hostility toward Wilczynski, which has manifested itself in its refusal to timely provide the claim failure and by its refusal to extend COBRA benefits, further administrative review would be futile.

R.11, Am. Compl. para. 27. This allegation surpasses the "bare allegations of futility" noted by the Ninth Circuit to be insufficient. *See Diaz*, 50 F.3d at 1485. Cobraserv denied Ms. Wilczynski's appeal on July 15, 1994—two months after Ms. Wilczynski had filed her initial complaint in this action. At that point in time, the parties were not only adversaries in litigation, but also embroiled in a bitter dispute over the scope of materials in Lumbermens' files which she was entitled to review. At this stage of the litigation, therefore, these allegations are sufficient to bring her claim within the futility exception to the administrative exhaustion requirement. On remand, Ms. Wilczynski will have an opportunity to present evidence consistent with her theory of futility.

### D.

Ms. Wilczynski also submits that the district court erred when it struck that portion of her complaint asserting a cause of action under 29 U.S.C. § 1132(c) for civil penalties to redress Lumbermens' delay in providing Ms. Wilczynski with those materials in its possession that were pertinent to her appeal. The district court granted Lumbermens' motion to strike. It held that section 1132(c) does not apply to Lumbermens' failure to furnish the "claim file."

On appeal, Lumbermens renews several of the arguments it raised in the district court as to why Ms. Wilczynski has failed to state a claim under section 1132(c). Lumbermens' primary contention—that Ms. Wilczynski's amended complaint does not allege adequately that Lumbermens refused her the opportunity to review the documents to which ERISA and its implementing regulations entitle her—is foreclosed by our earlier conclusion that the amended complaint sufficiently alleges a denial of meaningful access to review procedures.

■ Even if a violation is established, Lumbermens asserts, the civil penalties of 29 U.S.C. § 1132(c) do not apply as a matter of law because: (1) section 1132(c), which imposes fines against plan "administrator[s]," cannot be used to redress a violation of 29 U.S.C. § 1133, which imposes duties only upon a benefit "plan"; (2) section 1132(c) does not apply to violations of 29 C.F.R. § 2560.503–1(g); and (3) section 1132(c) applies only to material that ERISA requires to be "mailed" to claimants following a "request," not the alleged failure to provide an opportunity to review pertinent documents to a claim.

We first turn to Lumbermens' submission that, because section 1132(c) authorizes civil penalties against "plan administrator[s]," it cannot be used to redress a violation of 29 U.S.C. § 1133, which imposes duties only upon benefit "plan[s]." *See Stuhlreyer*, 12 F.3d at 76. Indeed, section 29 U.S.C. § 1133 refers to the duties of plans, not plan administrators:

> In accordance with regulations of the Secretary, every employee benefit *plan* shall—
>
> (1) provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant, and
>
> (2) afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim.

29 U.S.C. § 1133 (emphasis added). Section 1132(c), on the other hand, refers to the duties of plan administrators, not benefit plans:

> Any *administrator* ... who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary (unless such failure or refusal results from matters reasonably beyond the control of administrator) ...

may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal.

29 U.S.C. § 1132(c) (emphasis added).

In *Kleinhans v. Lisle Savings Profit Sharing Trust,* 810 F.2d 618 (7th Cir.1987), we indicated that, under specific circumstances, certain violations of section 1133 by a plan administrator may give rise to liability under section 1132(c). *Id.* at 624; *see Zanella v. Principal Mut. Life Ins. Co.,* 878 F.Supp. 144, 146–47 (E.D.Wis.1995). There, we noted that a plan administrator's failure to respond to a claimant's request for an explanation of a plan's denial of benefits may give rise to liability under section 1132(c):

> When a claim [for benefits] is denied, § 1133 requires that the administrator provide the participant with an explanation and his reasoning for denying the claim. At this time a request for an explanation can be made and the failure of the administrator to comply with that request would give rise to liability under section 1132(c).

*Id.* at 624. Ms. Wilczynski contends that, although *Kleinhans* was decided in the context of ERISA's notice requirements, it remains instructive as to the relationship between the duties imposed on benefit plans by section 1133 and the civil liability of plan administrators under section 1132(c).

We cannot accept this argument. As noted in the preceding paragraphs, section 1133, on its face, establishes requirements for plans, not plan administrators. Significantly, the implementing regulation at issue in *Kleinhans,* 29 C.F.R. § 2560.503–1(f), does impose certain duties on plan administrators. *See* 29 C.F.R. § 2560.503–1(f) ("a plan administrator . . . shall provide to every claimant. . . ."). Here, however, the implementing regulation that Ms. Wilczynski alleges was violated, 29 C.F.R. § 2560.503–1(g), speaks only to the obligations of benefit plans. That regulation provides:

> Every plan shall establish and maintain a procedure by which a claimant . . . has a reasonable opportunity to appeal a denied claim . . . and under which a full and fair review of the claim and its denial may be obtained. Every such procedure shall in-

clude . . . provisions that a claimant or his duly authorized representative may: . . . (ii) Review pertinent documents. . . .

29 C.F.R. § 2560.503–1(g). As applied to this case, therefore, the obligations of section 1133 are imposed only on benefit "plans." Because section 1132(c) authorizes the imposition of sanctions only for the failures or refusals of the "plan administrator," and not those of the "plan," we hold that section 1132(c) cannot be used to impose civil liability for the violation of section 1133 alleged by Ms. Wilczynski. *See Groves v. Modified Retirement Plan,* 803 F.2d 109, 116 (3d Cir. 1986) (holding that plan administrators incur no personal liability for failure to fulfil obligations imposed by 29 C.F.R. § 2560.503–1(g)); *see also Stuhlreyer v. Armco, Inc.,* 12 F.3d 75, 79 (6th Cir.1993).

Lumbermens advances a second, related reason for upholding the dismissal of Ms. Wilczynski's section 1132(c) claim. It contends that, because section 1132(c) authorizes penalties only for an administrator's refusal to comply with a request for information required to be furnished by "this subchapter," 29 U.S.C. § 1132(c), the sanctions imposed by that section may not be imposed for the violation of an agency regulation. The Third Circuit took this view in *Groves. See* 803 F.2d at 117–18. We do not disagree with our colleagues in that circuit.

In *Groves,* the Third Circuit rejected the contention that, by authorizing the imposition of sanctions for breach of duties imposed by "this subchapter," section 1132(c) could be read to include both the provisions of ERISA itself and the regulations promulgated under the statute. *Id.* Noting that Congress will be understood to have authorized agencies to decide what conduct will be penalized only if the legislature has expressly granted that power, *id.* at 117 (citing *United States v. Eaton,* 144 U.S. 677, 12 S.Ct. 764, 36 L.Ed. 591 (1892)), Judge Becker, writing for the court, took the view that nothing in ERISA grants the Secretary of Labor the power to decide that plan administrators' conduct is to be penalized. The Third Circuit therefore held that section 1133, which sets forth only the disclosure obligations of the "plan," cannot authorize the Secretary to impose any

obligations on the plan administrator or to establish that those obligations are enforceable through the sanctions of section 1132(c). *Id.* at 118.

We hold, therefore, that the civil penalties of 29 U.S.C. § 1132(c) do not apply to Ms. Wilczynski's claim against Lumbermens.[7] A decade has passed since the Third Circuit's holding in *Groves.* The Sixth Circuit, addressing one aspect of the *Groves* holding, has found it to be an accurate interpretation of the legislative intent. *See Stuhlreyer,* 12 F.3d at 79. Congress has not changed the statute; nor has the Department of Labor changed the pertinent regulation. The district court correctly dismissed the portion of the amended complaint asserting this claim.

## Conclusion

Accordingly, we reverse the judgment of the district court with respect to Ms. Wilczynski's benefits claims and remand for further proceedings. The judgment of the district court is affirmed with respect to Ms. Wilczynski's claim against Lumbermens under 29 U.S.C. § 1132(c). We emphasize that we leave open the question of the appropriate remedy should the district court determine on remand that Ms. Wilczynski has not been afforded the full protection of ERISA. The parties shall bear their own costs in this court.

AFFIRMED IN PART; REVERSED AND REMANDED IN PART.

---

7. Having reached this conclusion on alternate grounds, we need not address Lumbermens' contention that section 1132(c) applies only to material that ERISA requires to be "mailed" to claimants following a "request."