# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3803

_____

| | | |
|---|---|---|
| Barbara Brown, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas. |
| J.B. Hunt Transport Services, Inc., | * | |
| | * | |
| Defendant/Appellee, | * | |
| | * | |
| Prudential Insurance Company | * | |
| of America, | * | |
| | * | |
| Intervenor Defendant/ | * | |
| Appellee. | * | |

_____

Submitted: September 22, 2009
Filed: November 17, 2009

_____

Before MURPHY, JOHN R. GIBSON, and RILEY, Circuit Judges.

_____

RILEY, Circuit Judge.

Barbara Brown (Brown) hurt her knee while working as a truck driver for J.B. Hunt Transport Services, Inc. (Hunt). Prudential Insurance Company of America (Prudential), which insured Hunt's employee welfare benefits plan (Plan), discontinued Brown's long-term disability (LTD) benefits and ignored her requests

for information about its decision. Brown sued Hunt and Prudential under ERISA[1] for reinstatement of her LTD benefits and penalties, but the district court held she failed to exhaust her administrative remedies and dismissed her lawsuit. Because we hold Prudential failed to afford Brown a reasonable opportunity for a full and fair review of Prudential's decision to discontinue her LTD benefits, we affirm in part, reverse in part, and remand for further proceedings.

## I. BACKGROUND
### A. Prudential Discontinues Brown's LTD Benefits

Brown worked for Hunt as a truck driver and enrolled in the Plan. Hunt sponsored the Plan and served as plan administrator. Pursuant to a group insurance contract with Hunt, Prudential insured the Plan and served as claims administrator. Prudential, not Hunt, was responsible for processing claims, determining eligibility, and paying benefits under the Plan.

In August 2005, Brown stopped working for Hunt due to neck, back, and left knee pain. She made a claim for LTD benefits under the Plan. In September 2005, Prudential awarded Brown LTD benefits based upon her left knee condition. Prudential found Brown met the Plan's definition of "disabled," i.e., "unable to perform the material and substantial duties of [one's] regular occupation due to . . . injury." Brown was a lifelong trucker, and her knee pain made it impossible for her to continue driving a truck.

In June 2007, Prudential discontinued Brown's LTD benefits. The Plan's definition of "disabled" changes after the first year of payments. The Plan states: "After 12 months of payments, you are disabled when Prudential determines that due to the same . . . injury, you are unable to perform the duties of *any gainful occupation*

---

[1]Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001-1461, as amended.

for which you are reasonably fitted by education, training or experience." Prudential determined that, even though Brown's knee pain prevented her from returning to work as a truck driver, there were other jobs she could perform.

Prudential informed Brown it had "obtain[ed] and review[ed] information" about her "medical condition," "daily activities," and "education, experience, and other occupations [she] would be qualified to perform." Prudential explained that, "[b]ased on [its] clinical reviews, the medical documentation supports that [Brown had] sedentary work capacity and [was] limited to lifting up to ten pounds, stooping and bending [was] generally to be avoided, and sitting and standing [could] be alternated as needed." Prudential indicated one of its vocational rehabilitation specialists had determined Brown was employable as a semiconductor bonder, a surveillance system monitor, a food checker, or an assembler.

Prudential notified Brown of her right to an internal administrative appeal of its decision "in writing . . . within 180 days." Prudential required any appeal to state the reasons for disagreeing with its decision and to contain supporting evidence, including: "[c]opies of therapy treatment notes," "[a]ny additional treatment records from physicians," "[a]ctual test results," and "any other written comments, documents, records, or information related to [her] claim." Prudential informed Brown of her concomitant right "to receive, upon request and free of charge, reasonable access to, and copies of, all documents, records and other information relevant to [her] claim."

B.    Brown Requests Information from Prudential and Hunt

In June 2007, Brown called Prudential and indicated she wanted to appeal. One of Prudential's representatives told Brown she needed to explain in writing why she disagreed with Prudential's decision, but Brown never did so. Instead, Brown requested a copy of the Plan from Prudential and, through her attorney, sent Hunt and Prudential a series of letters requesting a wide variety of information. Brown asked Hunt for copies of all employee welfare or pension plans in which she had enrolled

and copies of all summary plan descriptions, annual reports, and amendments thereto. Brown asked Prudential for a copy of the Plan and a complete copy of the Administrative Record. Brown also requested Prudential provide her all Plan documents, internal guidelines, and administrative precedents upon which Prudential had relied when deciding to discontinue her LTD benefits, as well as the names and addresses of all individuals who reviewed her personal health information.

At Prudential's request, Hunt sent Brown a copy of the Plan's summary plan description and "Wrap" document, a description of the various benefits available to Hunt employees. Hunt sent Brown copies of summary plan descriptions and benefit booklets for every plan in which she had enrolled while working for Hunt. Prudential otherwise ignored Brown's requests. Thereafter, Brown sent Prudential another letter through her attorney, in which she demanded a response within ten days. Absent a response, Brown stated she would "assume [Prudential had] no intention of responding to [her] letter, and [would] take appropriate action." Prudential again failed to respond to Brown's request for information.

In January 2008, Brown's attorney called Prudential and asked whether Brown had filed an administrative appeal. Prudential informed Brown's attorney that Brown had not filed a written appeal. Prudential contends Brown's deadline for filing such an appeal expired in late November 2007.

In February 2008, Brown's attorney reminded Hunt he had "previously requested certain documents from Hunt, but . . . did not receive certain information." Brown's attorney requested all relevant documents under the pertinent regulations, "including but not limited to claims manuals." On March 21, 2008, Hunt mailed the Administrative Record to Brown.[2] Hunt did not send any claims manuals.

---

[2]The same attorney represented Prudential and Hunt in the district court.

## C.    Relevant Prior Proceedings

In April 2008, Brown filed a two-count amended complaint against Hunt and Prudential in the district court.[3] In Count I, Brown sought an order reinstating her LTD benefits under the Plan and awarding her back benefits. See 29 U.S.C. § 1132(a)(1)(B). In Count II, Brown sought statutory penalties for the failures of Hunt and Prudential to respond to her requests for information. See id. § 1132(c). The district court dismissed both counts after Hunt and Prudential filed a series of motions for summary judgment.

The district court dismissed Count I because Brown did not file a written administrative appeal of Prudential's decision to discontinue her LTD benefits. The court held Brown did not exhaust her administrative remedies. The court reasoned there was no substantial compliance exception to ERISA's exhaustion requirement and the futility exception did not apply.

The district court dismissed Count II as to Prudential because § 1132(c) only governs the conduct of plan administrators. The court rejected Brown's argument that Prudential was the Plan's de facto plan administrator. The court dismissed Count II as to Hunt because Hunt could not be held liable for any failure to provide Brown with claims manuals. The court reasoned a claims manual is not an "instrument," 29 U.S.C. § 1024(b), and a plan administrator cannot be held liable for penalties under § 1132(c) for a violation of the regulations to § 1133. The court denied Brown's

---

[3]In December 2007, Brown filed a one-count complaint against Hunt in state court. Hunt removed the complaint to the federal district court, which later granted Prudential leave to intervene because it was uncontroverted Prudential, as claims administrator, was liable to pay benefits were Brown found to be disabled. The district court and the parties have proceeded on the assumption that Hunt and Prudential are both defendants in this case even though Brown did not list Prudential as a defendant in the amended complaint. As an intervenor, volunteer or assumed party, we accept Prudential as a real party in interest now included in this case.

motion under Federal Rule of Civil Procedure 56(f) to conduct discovery concerning whether Hunt possessed any claims manuals.

## II. DISCUSSION

### A. Standard of Review

Brown appeals the district court's grant of the defendants' motions for summary judgment and the denial of her Rule 56(f) motion. We review the district court's grant of the motions for summary judgment de novo. See Hutson v. Wells Dairy, Inc., 578 F.3d 823, 825 (8th Cir. 2009).[4] Summary judgment is appropriate only if there are no genuine issues of material fact and Hunt and Prudential are entitled to judgment as a matter of law. See Fed. R. Civ. P. 56; Eisenrich v. Minneapolis Retail Meat Cutters & Food Handlers Pension Plan, 574 F.3d 644, 647 (8th Cir. 2009). We view the evidence in the light most favorable to the nonmoving party, Brown, and afford her all reasonable inferences. See id.; Weitz Co. v. Lloyd's of London, 574 F.3d 885, 892 (8th Cir. 2009). "We review for abuse of discretion the district court's denial of a Rule 56(f) continuance, upholding the decision if the nonmoving party was not deprived of a fair chance to respond to the summary judgment motion." Rakes v. Life Investors Ins. Co. of Am., 582 F.3d 886, 893 (8th Cir. 2009) (citations omitted).

---

[4]The parties apparently agree we also should review de novo the underlying issue of whether Brown was required to exhaust her administrative remedies. See, e.g., Kinkead v. Sw. Bell Corp. Sickness & Accident Disability Benefit Plan, 111 F.3d 67, 68 (8th Cir. 1997); Burke v. Kodak Ret. Income Plan, 336 F.3d 103, 107 (2d Cir. 2003). But see Zhou v. Guardian Life Ins. Co. of Am., 295 F.3d 677, 679 (7th Cir. 2002) (reviewing for an abuse of discretion); Perrino v. S. Bell Tel. & Tel. Co., 209 F.3d 1309, 1315 (11th Cir. 2000) (reviewing for "only a *clear* abuse of discretion"); Diaz v. United Agric. Employee Welfare Benefit Plan & Trust, 50 F.3d 1478, 1483 (9th Cir. 1995) (reviewing for an abuse of discretion).

**B.      Count I—Claim for Benefits**

Brown contends the district court erred in dismissing Count I, her claim for LTD benefits under § 1132(a).  Brown maintains she was not required to exhaust her administrative remedies because it was "futile" to do so.[5]  Brown stresses Prudential's repeated failures to provide her with the Administrative Record and the other documents she requested would have forced "an appeal in the blind."  Prudential and Hunt maintain Brown's failure to file a written appeal is fatal to Count I.  Hunt argues it cannot be held liable on Count I in any event, because it is the plan administrator and not the claims administrator.

**1.      Exhaustion of Administrative Remedies**

ERISA's exhaustion requirement finds its genesis in 29 U.S.C. § 1133, which provides:

> In accordance with regulations of the Secretary [of Labor], every employee benefit plan shall—
>
> (1) provide adequate notice in writing to any participant . . . whose claim for benefits under the plan has been denied . . . , [and]
>
> (2) afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim.

On its face, § 1133 only imposes an affirmative duty upon ERISA-governed plans to provide plan participants with appropriate notice and review—it "does not contain an express requirement that employees exhaust contractual remedies prior to bringing suit."  Wert v. Liberty Life Assurance Co. of Boston, 447 F.3d 1060, 1062 (8th Cir. 2006) (citing Conley v. Pitney Bowes, 34 F.3d 714, 716 (8th Cir. 1994)).

---

[5]Brown also argues she substantially complied with ERISA's exhaustion requirement.  We need not reach this argument.

Nonetheless federal courts have universally construed § 1133 to require exhaustion. See id. at 1062-63; Kinkead v. Sw. Bell Corp. Sickness & Accident Disability Benefit Plan, 111 F.3d 67, 68 (8th Cir. 1997) (stating "Federal courts . . . have uniformly concluded" exhaustion is required under ERISA); see, e.g., Midgett v. Wash. Group Int'l Long Term Disability Plan, 561 F.3d 887, 898 (8th Cir. 2009) (recognizing, "'[i]n this circuit, benefit claimants must exhaust . . . before bringing claims for wrongful denial to court'" (quoting Galman v. Prudential Ins. Co. of Am., 254 F.3d 768, 770 (8th Cir. 2001)). "'Where a claimant fails to pursue and exhaust administrative remedies that are clearly required under a particular ERISA plan, [her] claim for relief is barred.'" Id. (quoting Layes v. Mead Corp., 132 F.3d 1246, 1252 (8th Cir. 1998)).

This judicially created exhaustion requirement "serves important purposes." Back v. Danka Corp., 335 F.3d 790, 792 (8th Cir. 2003). "It enables an employer, or its plan, to obtain full information about a claim for benefits, to compile an adequate record, and to make a reasoned decision." Id. "The process is of substantial benefit to reviewing courts, because it gives them a factual predicate upon which to proceed." Id.

The exhaustion requirement is not absolute. When an ERISA-governed plan fails to comply with its antecedent duty under § 1133 to provide participants with notice and review, aggrieved participants are not required to exhaust their administrative remedies before filing a lawsuit for benefits under § 1132(a). See Wert, 447 F.3d at 1064 (concluding prior cases recognized "exhaustion was not required when notice in compliance with a plan was not provided to a claimant . . . or when the available review procedures neither complied with ERISA's fiduciary review requirements nor applied to the specific claimants"); see, e.g., Back, 335 F.3d at 792 (holding claimant was not required to exhaust when the plan failed to provide notice). Nor are plan participants required to exhaust if doing so would prove futile. See Union Pac. R.R. Co. v. Beckham, 138 F.3d 325, 332 n.4 (8th Cir. 1998)

(recognizing the futility exception in the context of the accrual of an ERISA action); Wilczynski v. Lumbermens Mut. Cas. Co., 93 F.3d 397, 402 (7th Cir. 1996) (declaring "[a] plaintiff's failure to exhaust administrative remedies is excused . . . where exhaustion of internal remedies would be futile").

### 2. Analysis

At first glance, Brown's attempt to except her case from ERISA's exhaustion requirement would appear to fail. Brown mistakenly labels her argument as a "futility" argument. The futility exception is narrow—the plan participant "'must show that it is certain that [her] claim will be denied on appeal, not merely that [she] doubts that an appeal will result in a different decision.'" Zhou v. Guardian Life Ins. Co. of Am., 295 F.3d 677, 680 (7th Cir. 2002) (quoting Lindemann v. Mobile Oil Corp., 79 F.3d 647, 650 (7th Cir. 1996)). Because Brown has not proffered any facts to show Prudential certainly would have denied her claim had she given Prudential written notice of her intention to appeal, the futility exception is inapplicable here.

We must take care, however, to refrain from focusing on the facial label Brown places upon her argument while ignoring its substance. See, e.g., Wardair Can., Inc. v. Fla. Dep't of Revenue, 477 U.S. 1, 5-6 (1986) (considering the substance of preemption argument despite the parties' failure to label it properly); Liquidation Comm'n of Banco Intercontinental, S.A. v. Renta, 530 F.3d 1339, 1350 (11th Cir. 2008) (similar); United States v. Wheeler, 330 F.3d 407, 413 (6th Cir. 2003) (similar). Although couched in terms of "futility," the gravamen of Brown's argument in the district court and this court is simply this: Prudential's failure to comply with its duty under § 1133 to afford Brown "a reasonable opportunity . . . for a full and fair review" excuses her failure to exhaust. More specifically, Brown argues Prudential's failure to respond to her requests for the Administrative Record and other documents absolves Brown's failure to file a timely written appeal of Prudential's decision to discontinue her LTD benefits. We choose to analyze the substance, and not the label, of Brown's debate.

When stripped of its "futility" label, Brown's argument is a winner. Prudential's failure to comply with its duty under § 1133(2) to provide Brown with "a reasonable opportunity . . . for a full and fair review" of Prudential's decision to discontinue her LTD benefits excuses Brown's failure to exhaust before bringing suit under § 1132(a). Without the Administrative Record and other requested documents in hand, Brown was unable fully and fairly to prepare her appeal.

One of the purposes of § 1133 is to provide claimants with sufficient information to prepare adequately for any further administrative review or for an appeal to the federal courts. See DuMond v. Centex Corp., 172 F.3d 618, 622 (8th Cir. 1999); Richardson v. Cent. States, Se. & Sw. Areas Pension Fund, 645 F.2d 660, 665 (8th Cir. 1981) (stating § 1133 and its regulations "were intended to help claimants process their claims efficiently and fairly"). To the extent the statute is ambiguous, § 1133's disclosure requirements should be construed broadly, because ERISA is remedial legislation and should be liberally construed to effectuate Congress's intent to protect plan participants. See Starr v. Metro Sys., Inc., 461 F.3d 1036, 1040 (8th Cir. 2006).

Prudential's failures to respond deprived Brown of sufficient information to prepare adequately for further administrative review or an appeal to the federal courts. Brown did not know the identity of critical persons, including the medical and vocational experts who determined she was not disabled and who calculated her residual functional capacity. See, e.g., Lafleur v. La. Health Serv. and Indem. Co., 563 F.3d 148, 156 (5th Cir. 2009) (holding an insurance company denied a claimant full and fair review in part because it did not identify the board certified urologist "whose advice was obtained on behalf of the plan in connection with [claimant's] adverse benefit determination"). Brown did not have access to Prudential's methodologies or reports. She had no opportunity to challenge Prudential's bald assertion she had the residual functional capacity to work as a semiconductor bonder, a surveillance system monitor, a food checker, or an assembler. Cf. Grossmuller v.

Int'l Union, United Auto., Aero. & Agric. Implement Workers of Am., UAW, Local 813, 715 F.2d 853, 858 n.5 (3d Cir. 1983) (identifying "the persistent core requirements" of full and fair review as including "knowing what evidence the decision-maker relied upon" and "having an opportunity to address the accuracy and reliability of that evidence").

It must be emphasized the Plan required Brown to do much more than simply file a written notice of appeal to exhaust her administrative remedies. Brown was required to (1) state the reasons why she disagreed with Prudential's decision; (2) provide medical evidence or other information to support her position, such as copies of her treatment notes and medical test results; and/or (3) submit other written comments, documents, records, or information related to her claim. In other words, unlike a court of law, Brown was required to mount a detailed challenge to Prudential's decision at the moment she appealed. Yet Prudential deprived Brown of meaningful information necessary to do so.

The Supreme Court has stressed "[t]he relevant regulations . . . establish extensive requirements to ensure full and fair review of benefit denials." Aetna Health Inc. v. Davila, 542 U.S. 200, 220 (2004) (citing 29 C.F.R. § 2560.503-1). We have characterized these regulations, including 29 C.F.R. § 2560.503-1, as "'set[ting] forth minimum requirements for employee benefit plan procedures pertaining to claims for benefits.'" Midgett, 561 F.3d at 893 (quoting 29 C.F.R. § 2560.503-1(a)). Prudential violated § 2560.503-1(h)(2)(iii) and (3)(iv) when it ignored Brown's repeated requests for relevant information.

> Under § 2560.503-1(h)(2)(iii), a plan only provides a claimant with a full and fair review of a claim and adverse benefit determination if "the claims procedures . . . [p]rovide that [the] claimant shall be provided, upon request and free of charge, reasonable access to, and copies of, all documents, records, and other information relevant to the claimant's claim for benefits."

-11-

Midgett, 561 F.3d at 894. Subparagraph 2560.503-1(h)(3)(iv), in turn, requires plans to "[p]rovide for the identification of medical or vocational experts whose advice was obtained on behalf of the plan in connection with a claimant's adverse benefit determination, without regard to whether the advice was relied upon in making the benefit determination."

Prudential offers no explanation for ignoring Brown's repeated requests for information. Prudential opines Brown may have possessed most of the documents in the Administrative Record, but it remains undisputed Brown did not have access to the entire Administrative Record or identification of the medical and vocational experts, and did not know the particular bases for Prudential's decision to discontinue her LTD benefits. Cf. Midgett, 561 F.3d at 894-96 (holding claims administrator complied with the regulations, where the claimant "concede[d] that she received copies of her administrative record following [the plan administrator's] initial denial of her short-term disability claim," and abrogating in part Abram v. Cargill, Inc., 395 F.3d 882 (8th Cir. 2005)); DuMond, 172 F.3d at 623 (deciding the participant had a reasonable opportunity for full and fair review in part because the claims administrator "informed [her] each time of the reasons for [its] decision" to deny benefits). "Full and fair review includes the right to review *all* documents, records, and other information relevant to the claimant's claim for benefits, and the right to an appeal that takes into account *all* comments, documents, records, and other information submitted by the claimant relating to the claim." Midgett, 561 F.3d at 893 (quoting Abram, 395 F.3d at 886) (emphasis added).

In sum, Prudential denied Brown a reasonable opportunity for full and fair review. Because Prudential violated § 1133(2), Brown was not required to exhaust her administrative remedies under the facts of this case. Cf. Kinkead, 111 F.3d at 70.

### 3.    Remedy

The appropriate remedy for Prudential's violation of § 1133(2) is not an award of benefits from this court.  Rather, we reverse and remand this case to the district court with instructions to remand to Prudential for an out-of-time appeal.  See, e.g., Abram, 395 F.3d at 888 (remanding to the district court for remand to the plan administrator with instructions to reopen the administrative record); LaFleur, 563 F.3d at 157 (concluding a remand to the plan administrator is "usually the appropriate remedy"); Krauss v. Oxford Health Plans, Inc., 517 F.3d 614, 630 (2d Cir. 2008) (similar); Perrino v. S. Bell Tel. & Tel. Co., 209 F.3d 1309, 1317-18 (11th Cir. 2000) (similar); Syed v. Hercules Inc., 214 F.3d 155, 162 (3d Cir. 2000) (Alito, J.) (holding "the remedy for a violation of [§ 1133] is to remand to the plan administrator so the claimant gets the benefit of a full and fair review"); accord Love v. Dell, Inc., 551 F.3d 333, 338 & n.6 (5th Cir. 2008) (observing "failures to provide 'full and fair review' . . . do not usually lead to a claim for damages").[6]  The district court shall retain jurisdiction over Count I as to Prudential until such time as the district court determines Brown's claim for LTD benefits is fully resolved.  See, e.g., Maida v. Life Ins. Co. of N. Am., 949 F. Supp. 1087, 1093-94 (S.D.N.Y. 1997).  We express no view as to the merits of Brown's claim for LTD benefits.  Cf. Borntrager v. Cent. States, Se. & Sw. Areas Pension Fund, 425 F.3d 1087, 1090, 1092-93 (8th Cir. 2005)

_____

[6]We note Brown did not file a cross-motion for summary judgment in the district court.  Because relevant facts are undisputed and complete, remand to the district court would only further delay the ultimate disposition of Brown's claim for LTD benefits.  See 28 U.S.C. § 2106 (providing circuit courts of appeals the power to "reverse any judgment . . . of a court lawfully brought before it for review" and to "remand the cause and direct the entry of such appropriate judgment . . . as may be just"); Dewitt Constr. Inc. v. Charter Oak Fire Ins. Co., 307 F.3d 1127, 1135 n.6 (9th Cir. 2002) (granting summary judgment to nonmovant on appeal even though nonmovant did not file cross-motion for summary judgment in the district court); New Eng. Health Care Employees Union, Dist. 1199 v. Mt. Sinai Hosp., 65 F.3d 1024, 1030 (2d Cir. 1995) (same).

(explaining we ordinarily lack jurisdiction over an order remanding a case to an ERISA plan administrator for further proceedings).

We affirm the district court's dismissal of Count I as to Hunt, because Hunt, as plan administrator, is not the proper defendant for an award of benefits under the Plan. See, e.g., Moore v. Lafayette Life Ins. Co., 458 F.3d 416, 438 (6th Cir. 2006) (affirming district court's decision to dismiss a plan administrator as a defendant). ERISA only provides Brown with a cause of action "to recover benefits due to [her] under the terms of [the Plan]." 29 U.S.C. § 1132(a)(1)(B). It is undisputed the Plan requires Prudential, not Hunt, to pay LTD benefits to Brown if she is disabled.

## C.    Count II—Claim for Penalties

The district court correctly dismissed Count II. Neither Prudential nor Hunt may be held liable under 29 U.S.C. § 1132(c).

### 1.    Prudential

Section 1132(c) authorizes the district court to impose statutory penalties upon a plan administrator if the plan administrator "fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant." 29 U.S.C. § 1132(c)(1)(B). Prudential may not be held liable for statutory penalties because § 1132(c) only provides a cause of action against plan administrators. See Ross v. Rail Car Am. Group Disability Income Plan, 285 F.3d 735, 743-44 (8th Cir. 2002) (affirming the district court's dismissal of a § 1132(c) claim against the claims administrator because § 1132(c) only provides a cause of action against plan administrators); Krauss, 517 F.3d at 631 (same); VanderKlok v. Provident Life & Accident Ins. Co., 956 F.2d 610, 618 (6th Cir. 1992) (same). Hunt, not Prudential, is the plan administrator. See 29 U.S.C. § 1002(16)(A). Governing precedent forecloses Brown's argument that Prudential was the "de facto plan administrator." See Ross, 285 F.3d at 743 (rejecting a "de facto [p]lan

-14-

[a]dministrator" argument, which "cannot stand in the face of the uncontroverted facts, ERISA, and settled case law").

### 2.    Hunt

Brown complains Hunt failed to provide her with claims manuals, and thus she is entitled to statutory penalties from Hunt under § 1132(c). Nothing in the relevant subchapter, 29 U.S.C. §§ 1001-1191c, requires plan administrators to disclose claims manuals to plan participants. For example, the district court correctly held claims manuals are not the "other instruments" mentioned in § 1024(b)(4). See, e.g., Brown v. Am. Life Holdings, Inc., 190 F.3d 856, 861 (8th Cir. 1999) (construing "other instruments" in § 1024(b)(4) to include "only formal documents that establish or govern the plan"). Even if we assume the relevant regulations to § 1133 require a plan administrator to disclose claims manuals to plan participants, see, e.g., 29 C.F.R. § 2560.503-1(h)(2)(iii) (requiring disclosure of "all documents, records, and other information relevant to the claimant's claim for benefits"), we agree with our sister circuits that a plan administrator may not be penalized under § 1132(c) for a violation of the regulations to § 1133. See, e.g., Wilczynski, 93 F.3d at 405-07; Stuhlreyer v. Armco, Inc., 12 F.3d 75, 79 (6th Cir. 1993); VanderKlok, 956 F.2d at 618; Groves v. Modified Ret. Plan for Hourly Paid Employees of Johns Manville Corp. & Subsidiaries, 803 F.2d 109, 116-18 (3d Cir. 1986).

### 3.    Discovery

Because Hunt may not be penalized under § 1132(c) for failing to disclose claims manuals to Brown, the district court did not abuse its discretion in denying Brown's motion under Federal Rule of Civil Procedure 56(f) to conduct discovery regarding whether Hunt possessed any claims manuals. To the extent Brown requests wide-ranging discovery from Hunt and Prudential for the first time on appeal, we find such requests insufficiently preserved for our review. See, e.g., TRI, Inc. v. Boise Cascade Office Prods., Inc., 315 F.3d 915, 920 (8th Cir. 2003) (holding an argument

regarding discovery was "not preserved for appeal" absent "indication [the appellant] brought these discovery complaints to the attention of the district court").

## III.   CONCLUSION

We affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

_____