[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-14569
Non-Argument Calendar

_____

D.C. Docket No. 9:11-cv-81351-DMM


BRIAN FOX,

Plaintiff - Appellant,

versus

BLUE CROSS AND BLUE SHIELD OF FLORIDA INC.,

Defendant - Appellee.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 22, 2013)

Before CARNES, BARKETT and KRAVITCH, Circuit Judges.

PER CURIAM:

Brian Fox appeals the district court's dismissal of his claim that Blue Cross

and Blue Shield of Florida, Inc., (Blue Cross) failed to disclose information

required by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1024(b)(4).  Fox also appeals the district court's grant of summary judgment in favor of Blue Cross on whether Blue Cross paid the proper benefit amount under Fox's employee welfare benefit plan (Plan).  After careful review, we affirm.

## I.

In 2008, Fox underwent brain surgery performed by an out-of-network physician.  Under the terms of Fox's Plan, Blue Cross agreed to pay 100% of the "Allowed Amount" for the surgery.  The Plan defines "Allowed Amount" for an out-of-network physician as "the lesser of the Provider's actual charge or an amount established by [Blue Cross] based on several factors," including the charge reimbursable by Medicare for the services performed.[1]

The actual charge for Fox's surgery was $29,000, but Blue Cross calculated the Allowed Amount as $2,729.48, leaving Fox responsible for the difference.  Fox appealed this decision to Blue Cross's appeals department.  Blue Cross reviewed Fox's case, verified that it had properly calculated and paid the Allowed Amount, and concluded that Fox was not entitled to any additional payment.  On July 23, 2008, Blue Cross sent Fox a letter explaining the reasons for its denial of his

---

[1] Fox argues vigorously that "Allowed Amount" means only the provider's actual charge.  But the partial quotation of the Plan's definition, which he takes out of context to support this reading, plainly contradicts the Plan's actual language.  We therefore do not further address this frivolous argument.

2

appeal.  Fox then requested copies of all relevant documents Blue Cross used to make the decision.  Blue Cross responded with documentation verifying that it had paid 100% of the Allowed Amount but did not furnish documents explaining how it calculated the Allowed Amount or how it had verified that the Allowed Amount had been correctly calculated.

Fox sued, alleging that Blue Cross:  (1) violated the Plan by failing to pay the full amount of the actual charge; and (2) violated the disclosure requirements of 29 U.S.C. § 1024(b)(4) by failing to provide documentation about how it calculated the Allowed Amount, subjecting Blue Cross to a daily statutory penalty as the plan administrator under 29 U.S.C. § 1132(c)(1).

Upon Blue Cross's motion, the district court dismissed Fox's disclosure claim, finding that Blue Cross was not subject to the penalty because it was not the plan administrator.  Fox's payment claim proceeded to discovery.  Blue Cross moved for summary judgment on this claim and submitted the affidavit of Dr. Barry Schwartz, which explained, for the first time, that Blue Cross determined the Allowed Amount based on Medicare billing rates for the services Fox received. The district court rendered summary judgment in Blue Cross's favor, relying on this explanation to conclude that Blue Cross properly calculated and paid the Allowed Amount under the Plan.  This is Fox's appeal.

3

## II.

We review the dismissal of a claim under Federal Rule of Civil Procedure 12(b)(6) *de novo*, "accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff." *Lobo v. Celebrity Cruises, Inc.*, 704 F.3d 882, 887 (11th Cir. 2013). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

Under ERISA, plan administrators must, "upon written request of any participant or beneficiary, furnish a copy of the latest updated summary, plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated." 29 U.S.C. § 1024(b)(4). Failure to comply with this disclosure requirement within 30 days subjects the plan administrator to a daily statutory penalty. *See id.* § 1132(c)(1).

The district court concluded that Blue Cross was not the plan administrator and therefore not subject to § 1132(c)(1). Fox argues this conclusion was in error. Blue Cross responds that, even assuming it was a plan administrator, the documents Fox requested in his complaint – those that Blue Cross relied on to

4

calculate and verify the Allowed Amount – are not subject to disclosure under § 1024(b)(4).  We agree.  Fox argues only that these documents qualify as "other instruments under which the plan is established or operated" and must therefore be disclosed.  But that provision "encompasses formal or legal documents under which a plan is set up or managed."  *Faircloth v. Lundy Packing Co.*, 91 F.3d 648, 653 (4th Cir. 1996), *quoted with approval in Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1274 n.8 (11th Cir. 2005).  Because the documents Blue Cross used to calculate and verify the Allowed Amount are not such documents, Blue Cross's failure to disclose them did not violate § 1024(b)(4), and the district court correctly dismissed Fox's claim.  *See id.*; *cf. Brown v. J.B. Hunt Transp. Servs., Inc.*, 586 F.3d 1079, 1088 (8th Cir. 2009) ("Nothing in [ERISA] requires plan administrators to disclose claims manuals to plan participants.").

## III.

"We review a trial court's grant of a motion for summary judgment *de novo*, viewing the record and drawing all reasonable inferences in the light most favorable to the non-moving party."  *Sims v. MVM, Inc.*, 704 F.3d 1327, 1330 n.2 (11th Cir. 2013).  Summary judgment is proper where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "We may affirm the district court's grant of summary judgment on any legal ground supported by the record, regardless of whether the

5

district court relied on that ground." *Walden v. Ctrs. for Disease Control & Prevention*, 669 F.3d 1277, 1283 (11th Cir. 2012).

Fox contends that Blue Cross's decision to pay less than the actual charge for his surgery was improper. We follow a six-step process to review a benefits decision. *Capone v. Aetna Life Ins. Co.*, 592 F.3d 1189, 1195 (11th Cir. 2010). The first step is to "[a]pply the *de novo* standard to determine whether the claim administrator's benefits-denial decision is 'wrong' (i.e., the court disagrees with the administrator's decision); if it is not, then end the inquiry and affirm the decision." *Id.* (internal quotation marks omitted).

We need not proceed beyond the first step here. The Plan provides that, for out-of-network services, Blue Cross will pay 100% of the Allowed Amount, which is defined as the lesser of the provider's actual charge or an amount established by Blue Cross based on factors enumerated in the Plan, including the amount Medicare pays for certain services. Evidence in the administrative record – namely, the letter Blue Cross sent to Fox on July 23 and the documentation Blue Cross sent Fox in response to his request – indicates that Blue Cross paid 100% of the Allowed Amount. Fox provides no evidence to counter this assertion. He therefore cannot show, as he must to survive summary judgment, a genuine dispute that Blue Cross's benefits-denial decision was wrong under the Plan. *See Dietz v. Smithkline Beecham Corp.*, 598 F.3d 812, 815 (11th Cir. 2010) ("Once the movant

6

adequately supports its motion [for summary judgment], the burden shifts to the nonmoving party to show that specific facts exist that raise a genuine issue for trial."). The district court therefore properly rendered summary judgment in favor of Blue Cross.[2]

IV.

In sum, the district court properly dismissed Fox's disclosure claim and correctly concluded that Blue Cross was entitled to summary judgment.

**AFFIRMED.**

---

[2] Fox contends that it was improper for the district court to rely on Dr. Schwartz's affidavit about how the Allowed Amount was calculated because it was outside the administrative record. Even without this affidavit, however, Blue Cross offered other evidence, the validity of which Fox did not contest in the district court, that it paid 100% of the Allowed Amount. Fox has therefore forfeited this argument. *See Ledford v. Peeples*, 657 F.3d 1222, 1258 (11th Cir. 2011) (explaining that a party who does not raise an argument in the district court forfeits his right to raise it on appeal except in limited circumstances not present here).