**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

| | |
|---|---|
| CURTIS F. LEE, *Plaintiff-Appellant*, v. ING GROEP, N.V., a Dutch entity; RELIASTAR LIFE INSURANCE COMPANY, a Minnesota corporation; ING EMPLOYEE BENEFITS DISABILITY MANAGEMENT SERVICES, a Minnesota corporation; ING NORTH AMERICA INSURANCE CORPORATION, a Delaware corporation; ING INVESTMENT MANAGEMENT, LLC, a Delaware limited liability company; KIMBERLY SHATTUCK; GENERAL RE CORPORATION, a Delaware corporation, *Defendants-Appellees*. | No. 14-15848 D.C. No. 2:12-cv-00042-ROS |

CURTIS F. LEE,
                *Plaintiff-Appellee*,

                v.

ING NORTH AMERICA
INSURANCE CORPORATION, a
Delaware corporation,
                *Defendant-Appellant*,

                and

GENERAL RE CORPORATION, a
Delaware corporation; ING
GROEP, N.V., a Dutch entity;
RELIASTAR LIFE INSURANCE
COMPANY, a Minnesota
corporation; ING EMPLOYEE
BENEFITS DISABILITY
MANAGEMENT SERVICES, a
Minnesota corporation; ING
INVESTMENT MANAGEMENT,
LLC, a Delaware limited liability
company; KIMBERLY SHATTUCK,
                *Defendants*.

No. 14-15936

D.C. No.
2:12-cv-00042-ROS

OPINION

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, Senior District Judge, Presiding

Argued and Submitted May 9, 2016
San Francisco, California

Filed July 25, 2016

Before: Jerome Farris, Diarmuid F. O'Scannlain, and Morgan Christen, Circuit Judges.

Opinion by Judge Farris

## SUMMARY[*]

**Employee Retirement Income Security Act**

The panel affirmed in part and reversed in part the district court's summary judgment in favor of the defendants in an action under the Employee Retirement Income Security Act, vacated an award of statutory penalties in favor of the plaintiff, and remanded.

Affirming in part, the panel held that the district court properly imposed a penalty under 29 US.C. § 1132(c)(1) on the ERISA plan administrator for failing to produce the Plan Document within 30 days of the plaintiff's request.

The panel reversed the district court's decision to impose a penalty based on the plan administrator's failure to timely produce emails. Following other circuits, the panel held that 29 C.F.R. § 2560.503-1(h)(2)(iii) imposes requirements on benefits plans, not plan administrators. Accordingly, a failure to comply with this regulation cannot give rise to a penalty under § 1132(c)(1), which applies only to documents that

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

plan administrators are required to produce. The panel concluded that it was not bound by dicta in *Sgro v. Danone Waters of N. Am., Inc.*, 532 F.3d 940 (9th Cir. 2008). The panel remanded for the district court to assess a penalty based solely on the failure to timely produce the Plan Document.

## COUNSEL

Thomas A. Connelly (argued) and Leo R. Beus, Beus Gilbert PLLC, Phoenix, Arizona, for Plaintiff-Appellant/Cross-Appellee.

Gregory A. Bromen (argued) and William D. Hittler, Nilan Johnson Lewis PA, Minneapolis, Minnesota; Ann-Martha Andrews and Lawrence A. Kasten, Lewis & Roca LLP, Phoenix, Arizona; for Defendant-Appellees ReliaStar Life Insurance Company, ING Investment Management, LLC, and Kimberley Shattuck, and Defendant-Appellee/Cross-Appellant ING North America Insurance Corporation.

Larry P. Schiffer (argued), Squire Patton Boggs (US) LLP, New York, New York; Aaron A. Boschee, Squire Patton Boggs (US) LLP, Denver, Colorado; for Defendant-Appellee General Re Life Corporation.

## OPINION

FARRIS, Senior Circuit Judge:

Curtis Lee is a former employee of ING Investment Management, LLC. Through his employment, Lee participated in a long term disability plan that is governed by the Employee Retirement Income Security Act of 1974. *See* 29 U.S.C. § 1001 *et seq.* ING North America Insurance Corporation was the plan administrator for this long term disability plan. Lee applied for long term disability benefits under the plan, which he received for a while, but then his benefits were terminated. Lee filed a lawsuit against ING Investment Management, ING North America, and others, seeking *inter alia*, statutory penalties against ING North America for failing to timely produce documents he had requested. *See* 29 U.S.C. § 1132(c)(1). The district court granted summary judgment to Lee on this claim and imposed a penalty of $27,475. Lee appealed other aspects of the district court's decision, and ING North America cross-appealed on this issue.[1] We have jurisdiction under 28 U.S.C. § 1291. We affirm in part, reverse in part, vacate the penalty award, and remand.

## I.

On January 20, 2010, ReliaStar Life Insurance Company, the claims administrator for Lee's long term disability plan, indicated that ReliaStar had insufficient evidence of Lee's continuing disability to approve further disability benefits. In

---

[1] We address the other issues in this case in a memorandum disposition filed concurrently with this opinion.

response, on February 5, 2010, Lee's attorney wrote two letters requesting documents.

The first letter was sent to Yoon Kim, counsel for ING North America. This letter stated that Lee was entitled to a broad range of documents and requested "copies of all relevant communications . . . concerning Curtis Lee and his claims for disability benefits" and specifically referenced email communications. Kim interpreted this letter as a request for "all documents relevant to Curtis' claim for benefits."

The second letter was sent to James Kochinski, counsel for ReliaStar, the claims administrator. This letter explicitly requested all documents relevant to Lee's claim. Kochinski informed Kim about this letter.

On November 9, 2011, ING North America produced the requested emails. On March 11, 2013, ING North America produced a copy of the Plan Document.

## II.

We review a district court's grant of summary judgment de novo, to determine whether, viewing the evidence in the light most favorable to the non-moving party, any genuine issue of material fact exists, and whether the district court correctly applied the relevant law. *Ashton v. Cory*, 780 F.2d 816, 818 (9th Cir. 1986).

## III.

Under 29 U.S.C. § 1132(c)(1), a plan administrator who "fails or refuses to comply with a request for any information

which such administrator is required by this subchapter to furnish . . . within 30 days after such request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal." The district court found that ING North America was liable under this statute for failing to timely produce both the Plan Document and the emails.

ING North America does not dispute that this statute authorizes penalties for failing to produce the Plan Document. However, ING North America argues that Lee never actually requested the Plan Document in his February 5, 2010 letter to Kim. Instead, the letter only asked for copies of email communications, and ING North America argues that failing to produce emails cannot give rise to penalties under 29 U.S.C. § 1132(c)(1).

## A. Plan Document

The district court correctly found that no genuine issue of material fact exists as to whether Lee requested the Plan Document from ING North America. Lee sent a document request to ING North America's counsel on February 5, 2010. Regardless of the exact wording of this letter, ING North America's counsel interpreted it as a request for all documents relevant to Lee's claim. In addition, ING North America was aware of the letter sent to ReliaStar that explicitly requested all relevant documents.

ING North America did not dispute that the Plan Document was a relevant document, or that it did not produce the Plan Document within 30 days of February 5, 2010. No genuine issue of material fact remained. We therefore affirm

the district court's decision to impose a penalty on ING North America for its failure to timely produce the Plan Document.

## B. Emails

Lee argued to the district court that a statutory penalty for failing to timely produce the requested emails was appropriate because 29 C.F.R. § 2560.503-1(h)(2)(iii) requires employee benefits plans to "[p]rovide that a claimant shall be provided, upon request and free of charge, reasonable access to, and copies of, all documents, records, and other information relevant to the claimant's claim for benefits." Lee argued that the emails were relevant to his claim for benefits and so the failure to timely produce them warranted a penalty under 29 U.S.C. § 1132(c)(1).

ING North America admitted that Lee requested the emails, and ING North America did not produce them within 30 days. However, ING North America argued that failure to produce documents required to be produced under 29 C.F.R. § 2560.503-1(h)(2)(iii) cannot give rise to a penalty under 29 U.S.C. § 1132(c)(1) because 29 C.F.R. § 2560.503-1(h) imposes requirements on benefits *plans* not on *plan administrators* and 29 U.S.C. § 1132(c)(1) only applies to documents that *plan administrators* are required to produce.

The First, Second, Third, Sixth, Seventh, Eighth, and Tenth Circuits, as well as several district courts in the Ninth Circuit, have all agreed with ING North America's position, and found that a failure to follow claims procedures imposed on benefits plans, as outlined in 29 U.S.C. § 1133 and 29 C.F.R. § 2560.503-1, cannot give rise to a penalty under 29 U.S.C. § 1132(c)(1). *See Halo v. Yale Health Plan, Dir. of Benefits & Records Yale Univ.*, 819 F.3d 42, 58, 60–61 (2d.

Cir. 2016); *Medina v. Metro. Life Ins. Co.*, 588 F.3d 41, 48 (1st Cir. 2009); *Brown v. J.B. Hunt Transport Servs., Inc.*, 586 F.3d 1079, 1089 (8th Cir. 2009); *Wilczynski v. Lumbermens Mut. Cas. Co.*, 93 F.3d 397, 405–07 (7th Cir. 1996); *VanderKlok v. Provident Life and Accident Ins. Co.*, 956 F.2d 610, 618 (6th Cir. 1992); *Walter v. Int'l Ass'n of Machinists Pension Fund*, 949 F.2d 310, 315–16 (10th Cir. 1991); *Groves v. Modified Ret. Plan for Hourly Paid Emps. of the Johns Manville Corp. and Subsidiaries*, 803 F.2d 109, 116 (3d Cir. 1986); *Care First Surgical Ctr. v. ILWU-PMA Welfare Plan*, No. CV14-01480 MMM (AGRx), 2014 WL 6603761, at *20–23 (C.D. Cal. July 28, 2014); *Streit v. Matrix Absence Mgmt., Inc.*, No. 3:12-CV-01797-AC, 2014 WL 667535, at *3–7 (D. Or. Feb 18, 2014); *Bielenberg v. ODS Health Plan, Inc.*, 744 F. Supp. 2d 1130, 1143–44 (D. Or. 2010).

The district court agreed with our sister circuits that ING North America's reading of the penalty statute was the better reading, but found that it was bound by this Court's precedent in *Sgro v. Danone Waters of North America, Inc.*, 532 F.3d 940 (9th Cir. 2008), to side with Lee.

In *Sgro*, this Court was confronted with a claim for statutory penalties based on a failure to produce notes kept by claims personnel. *See id.* at 942. The plaintiff had alleged that a penalty under 29 U.S.C. § 1132(c)(1) was appropriate because the notes were relevant to his claim for benefits, and so had to be produced under 29 C.F.R. § 2560.503-1(h)(2)(iii). *See id.* at 945. The district court dismissed this claim without prejudice. *Id.* at 942.

This Court affirmed that decision, based on the plaintiff's failure to sufficiently plead that he had requested the notes

from the plan administrator, as opposed to the claims administrator. *See id.* at 945. In so doing, we appeared to assume that, if properly plead, a penalty could be imposed under 29 U.S.C. § 1132(c)(1) for failing to produce documents required to be produced under 29 C.F.R. § 2560.503-1(h)(2)(iii). *See id.* However, we did not explicitly so hold, and we did not address the distinction between requirements imposed on plans and requirements imposed on plan administrators. *See id.* Nor did we cite any of the holdings of our sister circuits on the issue. *See id.*

The language in *Sgro* is non-binding dicta. We now join our sister circuits and hold that a failure to follow claims procedures imposed on benefits plans, such as outlined in 29 C.F.R. § 2560.503-1(h)(2)(iii) does not give rise to penalties under 29 U.S.C. § 1132(c)(1). "Plans" and "plan administrators" are separate entities with separate definitions under ERISA. *See* 29 U.S.C. § 1002(1), (2)(A), (3), (16)(A). Penalties under 29 U.S.C. § 1132(c)(1) can only be assessed against "plan administrators" for failing to produce documents that they are required to produce as plan administrators. 29 C.F.R. § 2560.503-1(h)(2)(iii) does not impose any requirements on plan administrators, and so cannot form the basis for a penalty under 29 U.S.C. § 1132(c)(1). We therefore reverse the district court's decision to impose a penalty based on ING North America's failure to timely produce the emails.

## IV.

ING North America is not liable for statutory penalties based on its failure to produce the requested emails. It is, however, liable for its failure to produce the Plan Document. The district court stated that its penalty of $25 per day for

both failures would be the same even if it was only considering the failure to produce the Plan Document. But this statement is in tension with the district court's finding that, while the failure to produce the Plan Document was inadvertent, the failure to produce the emails was intentional and "[t]he fact that ING North America knowingly ignored the regulation counsels in favor of a larger penalty." We therefore vacate the penalty award and remand to the district court to assess a penalty based solely on the failure to timely produce the Plan Document.

**AFFIRMED** in part; **REVERSED** in part; **VACATED**; and **REMANDED.**

Each party shall bear their own costs on this appeal.