NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 18 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NORINE SYLVIA CAVE, | No. 18-17134 |
| Plaintiff-Appellant, | D.C. No. 3:18-cv-01205-WHO |
| v. | |
| DELTA DENTAL OF CALIFORNIA, | MEMORANDUM[*] |
| Defendant-Appellee, | |
| and | |
| DELTA OF CALIFORNIA, | |
| Defendant. | |

Appeal from the United States District Court
for the Northern District of California
William Horsley Orrick, District Judge, Presiding

Submitted December 11, 2019[**]

Before:    WALLACE, CANBY, and TASHIMA, Circuit Judges.

Norine Sylvia Cave appeals pro se from the district court's judgment in her

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

action under the Employee Retirement Income Security Act of 1974 ("ERISA"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010) (dismissal under Fed. R. Civ. P. 12(b)(6)); *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004) (summary judgment). We affirm.

The district court properly dismissed Cave's breach of fiduciary duty claim because Cave failed to allege facts sufficient to state a plausible claim. *See* 29 U.S.C. §§ 1132(a)(2), 1132(a)(3); *Gabriel v. Alaska Elec. Pension Fund*, 773 F.3d 945, 954 (9th Cir. 2014) ("A claim [under § 1132(a)(3)] fails if the plaintiff cannot establish . . . that the remedy sought is appropriate equitable relief . . . ." (citation and internal quotation marks omitted)); *Wise v. Verizon Commc'ns, Inc.*, 600 F.3d 1180, 1189 (9th Cir. 2010) ("To allege a fiduciary breach under § 1132(a)(2), [the plaintiff] must allege that the fiduciary injured the benefit plan or otherwise jeopardize[d] the entire plan or put at risk plan assets." (citation and internal quotation marks omitted, some alterations in original)).

The district court properly granted summary judgment on Cave's claim for penalties because Cave failed to raise a genuine dispute of material fact as to whether defendant failed to produce documents that a plan administrator is required to produce. *See Lee v. ING Groep, N.V.*, 829 F.3d 1158, 1162 (9th Cir. 2016) ("Penalties under 29 U.S.C. § 1132(c)(1) can only be assessed against plan

18-17134

administrators for failing to produce documents that they are required to produce as plan administrators." (citation and internal quotation marks omitted)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

We reject as without merit Cave's contentions that counsel for defendant and the district judge had conflicts of interest.

**AFFIRMED.**