NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 13 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LEAH CAMPBELL, | No. 24-5736 |
| Plaintiff - Appellant, | D.C. No. 2:23-cv-08823-RGK-E |
| and | |
| EMSURGCARE, EMERGENCY SURGICAL ASSISTANT, | MEMORANDUM* |
| Plaintiffs, | |
| v. | |
| UNITEDHEALTHCARE INSURANCE COMPANY; INSPERITY, INC., | |
| Defendants - Appellees, | |
| and | |
| DOES, 1-10, | |
| Defendant. | |
| LEAH CAMPBELL, | No. 25-758 |
| Plaintiff - Appellant, | D.C. No. 2:23-cv-08823-RGK-E |
| and | |

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

EMSURGCARE, EMERGENCY
SURGICAL ASSISTANT,

        Plaintiffs,

  v.

UNITEDHEALTHCARE INSURANCE
COMPANY; INSPERITY, INC.,

        Defendants - Appellees,

and

DOES 1-10,

        Defendant.

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted February 11, 2026
Pasadena, California

Before: TALLMAN, VANDYKE, and TUNG, Circuit Judges.

Plaintiff-Appellant Leah Campbell appeals the district court's affirmance of

Defendant-Appellees UnitedHealthcare and Insperity's (together "United") denial

of her claim seeking benefits related to services performed by Emergency Surgical

Assistants ("the Assistant Claim") under the terms of her ERISA health insurance

plan ("the Plan"). Campbell also appeals the district court's denial of her motion for

attorneys' fees and the district court's judgment declining to impose statutory

penalties on United. We have jurisdiction under 28 U.S.C. § 1291 and reverse in part, and vacate and remand in part.

1. The district court properly reviewed United's denial of the Assistant claim under an abuse-of-discretion standard. Review for abuse of discretion is appropriate where, as here, the terms of the Plan contain a discretionary-review clause that "unambiguously provide[s] discretion to the administrator." *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 963 (9th Cir. 2006) (citing *Kearney v. Standard Ins. Co.*, 175 F.3d 1084, 1090 (9th Cir. 1999) (en banc)).

2. But United abused its discretion in denying the Assistant Claim, and we reverse the district court's judgment to the contrary. Plan administrators abuse their discretion when they fail to engage in "a meaningful dialogue" with beneficiaries or reject a claim without adequate explanation. *Booton v. Lockheed Med. Benefit Plan*, 110 F.3d 1461, 1463 (9th Cir. 1997); *see also Montour v. Hartford Life & Accident Ins. Co.*, 588 F.3d 623, 630, 636–37 (9th Cir. 2009).[1]

> If benefits are denied in whole or in part, the reason for the denial must be stated in reasonably clear language, with specific reference to the plan provisions that form the basis for the denial; if the plan

---

[1] We conclude that United is a "plan administrator" here. Plan administrators are "the person[s] specifically so designated by the terms of the instrument under which the plan is operated." 29 U.S.C. § 1002(16)(A). The Plan states: "Your employer and UnitedHealthcare share responsibility for administering the plan," and lists United and its contact information alongside Campbell's employer, Insperity. In our view, the Plan thus specifically designates United as a plan administrator alongside Insperity.

administrators believe that more information is needed to make a reasoned decision, they must ask for it.

*Booton*, 110 F.3d at 1463.

United abused its discretion by repeating the same ambiguous—even misleading—rationale while denying Campbell's Assistant Claim. Instead of engaging in the required "meaningful dialogue" with Campbell, United effectively stonewalled Campbell by repeating the same rationale in "a stream of cookie-cutter denial letters" while she attempted to perfect her claim, without even acknowledging her arguments in response. *Id.* at 1462–63. In every communication explaining its denial of the Assistant Claim, United provided the same rationale: that the services billed were "not documented as performed." Simply put, United's denial rationale was not "stated in reasonably clear language." *Id.* at 1463. And after initially denying the Assistant Claim based on insufficient documentation, United never provided Campbell with an understandable description of the additional material that it deemed necessary for her to perfect her claim. *Saffon v. Wells Fargo & Co. Long Term Disability Plan*, 522 F.3d 863, 870 (9th Cir. 2008) (holding that when a plan administrator denies a claim based on insufficient documentation, the administrator is "required to give [the claimant] '[a] description of any additional material or information' that [is] 'necessary' for her to 'perfect the claim,' and to do so 'in a manner calculated to be understood by the claimant'" (second alteration in original) (quoting 29 C.F.R. § 2560.503–1(g))). United's shifting, conflicting, and

unsubstantiated interpretations of its own rationale throughout the course of this litigation further confirm that its communication was unclear.

Compounding its failure to communicate, the record makes clear that United had in its possession documentation confirming that Campbell's emergency surgery had been performed with the assistance of a doctor from Emergency Surgical Assistants. United repeatedly confirmed that it had received and reviewed the supplemental documentation it had requested related to the Assistant Claim. And although Campbell repeatedly requested the "entire administrative record" underlying United's denial of the Assistant Claim, United never produced any documents.

3. The district court abused its discretion by denying Campbell's renewed motion for attorneys' fees and her related motion for reconsideration. Courts should deny attorneys' fees to ERISA employee plaintiffs only when "special circumstances would render such an award unjust." *Smith v. CMTA-IAM Pension Tr.*, 746 F.2d 587, 589 (9th Cir. 1984) (quoting *Landro v. Glendenning Motorways, Inc.*, 625 F.2d 1344, 1356 (8th Cir. 1980)). The fact that redacted narrative descriptions in a time sheet—after being retabulated in a new file format to comply with the district court's request—span two lines instead of one does not, standing alone, provide a logical basis to discredit the accuracy and reliability of the billing records as a whole. And here, such a conclusion is "without support in the record." *United States v. Sanmina*

*Corp.*, 968 F.3d 1107, 1116 (9th Cir. 2020) (citation omitted). A cursory comparison between the narrative descriptions in the unredacted, original time sheets Campbell provided alongside her motion for reconsideration and the revised narrative descriptions in the retabulated timetable reveals that Campbell's alterations to the descriptions provide no basis to doubt the accuracy and reliability of the billing records as a whole.

4. The district court abused its discretion by declining to impose statutory penalties against United pursuant to 29 U.S.C. § 1132(c)(1). Under § 1132(c)(1), any administrator who "fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish" may, "in the court's discretion," face a limited penalty per each day it fails to furnish such information. Plan administrators "shall, upon written request of any participant or beneficiary, furnish a copy of the latest updated summary, plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated." 29 U.S.C. § 1024(b)(4). The district court's justifications for declining to impose a penalty are unsupported by the record, particularly in light of our conclusion that United abused its discretion while denying the Assistant Claim.

Campbell requested the "entire administrative record" on four separate occasions, and United specifically acknowledged receipt of her requests. United

was not merely tardy in producing documents for more than thirty days; it failed to produce *any* portion of the administrative record, including the Plan document or any summary description of it, for more than three years after Campbell first requested it. And contrary to the district court's conclusion, it is clear from the record that United *did* "disagree[] with [Campbell's] 'material facts of record.'"

The record plainly demonstrates that Campbell was prejudiced by United's failure to produce the Plan document because it impeded her ability to perfect and prevail on her Assistant Claim. Without the terms of the Plan, Campbell lacked a reference point against which to evaluate the validity of United's reasons for denying her claims. Therefore, United's failure to produce the underlying Plan document provides a basis for finding prejudice and imposing penalties. *See Lee v. ING Groep, N.V.*, 829 F.3d 1158, 1160 (9th Cir. 2016) (affirming imposition of penalties against ERISA plan administrator for its "failure to timely produce the Plan Document" in violation of 29 U.S.C. § 1132(c)(1)).

* * *

For these reasons, we reverse the district court's judgment that United did not abuse its discretion in denying Campbell's Assistant Claim. We vacate the district court's denial of Campbell's motion for attorneys' fees and Campbell's motion for reconsideration and remand with instructions to award attorneys' fees absent specific and logical indicia of unreliability confirmed by comparison to the unredacted,

24-5736

original time sheets.  We vacate the district court's judgment declining to impose statutory fees and remand with instructions to impose fees consistent with this disposition.

**REVERSED in part, VACATED and REMANDED in part.**[2]

---

[2] Costs are to be taxed against the Appellees.